BERNHARD STEMPEL

*v.*

CHARLES W. THOMAS.

1. DECREE—*binding on parties even though erroneous, until reversed.* Where the circuit court has jurisdiction of the parties and of the subject matter in controversy, any decree entered in reference to the parties or the property involved, however erroneous, is not void, but binding until reversed.

2. SAME—*protects officer though erroneous.* On bill for partition of lands, where a sale was ordered, and the money to be brought into court, and the master wrongfully paid the solicitor's fees of both parties, and the court, by decree, approved his report of the facts, and ordered the master, after payment of the costs, to pay the balance to the several parties in interest, it was *held,* that the decree, until reversed, was binding on the parties, and that the master was not liable to any of the parties for his share of the money so paid by him.

3. PARTITION—*allowance of solicitor's fees.* Where a suit for the partition of land is not amicable, but is contested, it is error to allow solicitor's fees in the case, but the decree is not void, if the court has jurisdiction.

4. MONEY HAD AND RECEIVED—*paid by mistake.* Where a person, by mistake, overpays another, he may recover the sum thus overpaid, notwithstanding a receipt may have been given.

5. ESTOPPEL—*parties—by decree of court.* A party to a bill for partition will be presumed to have notice of an order approving the payment of solicitor's fees by a master in chancery, and is estopped from denying it while the order stands unreversed.

6. SETTLEMENT—*binding on party.* Where a party to a partition suit, after a report of sale and payment of solicitor's fees out of the proceeds, and its approval by the court, settles with the officer making the sale, and allows him to deduct from his distributive share his proportion of the solicitor's fees, he will be bound by the settlement.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was a suit originating before a justice of the peace, brought by Charles W. Thomas against Bernhard Stempel, to recover back money paid by the former, as master in chancery, to the latter, in excess of what was his share in moneys realized on the sale of lands in a proceeding for partition.

Mr. WILLIAM WINKELMAN, for the plaintiff in error.

Mr. CHARLES W. THOMAS, *pro se.*

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an agreed case, decided in the court below. The following are the facts which the parties stipulate to be true and upon which the judgment was rendered:

In July, 1871, some of the Stempel heirs, of whom defendant in this suit was one, filed a bill for partition and relief, in the St. Clair circuit court, against others of said heirs. There was litigation as to one share, and decree that advancement had been made to one heir, and that the land should be sold by the plaintiff herein, who was at the time master in chancery of said county, and that out of the proceeds the master should pay the costs and charges attending the sale, and those of the partition suit, and bring the balance into court. At the

March term, 1872, the master reported the sale, and that he had paid certain costs and charges attending the suit and sale, among the items of which costs and charges were solicitors' fees to Underwood & Nœtling, complainants' solicitors, $500, and to Hay & Knispel, defendant's solicitors, $250, and that he brought the balance into court for the further order thereof. The court approved the report and ordered it to be recorded; and, at the March term, 1873, the court entered a final decree, ordering "that the master apply the proceeds of said sale to the payment of the costs of this suit, and pay over the residue to the parties to this bill, according to their respective interests in the estate of said deceased, tenants in common as heirs at law, as heretofore found in the decree of court," of which defendant in this suit was one. Plaintiff in this suit, by mistake, overpaid defendant $54.97, and upon receiving his money as distributee, defendant receipted to plaintiff, as master, for his share of said proceeds in full, defendant having at the time no *actual* notice of the payment of said amount to the solicitors. The said master, when he made the payment, first deducted from total proceeds of sale all costs and charges paid as aforesaid, including $750 as paid to solicitors. Plaintiff, ascertaining the mistake, sued to recover the $54.97 so overpaid; and defendant claims a set-off of one-sixth the amount of $750 paid to solicitors by plaintiff, as master. Before bringing the partition suit, the Stempel heirs, complainants, agreed with Underwood & Nœtling that they should give their services in the cause for $100, of which $35 was at the time paid; but of this Thomas had no notice until this trial. The solicitors' fees were paid by Thomas without the knowledge and consent of defendant, and there was no allegation in the bill and answer claiming solicitors' fees, nor anything in any of the decrees authorizing the payment of the same, except as above shown.

Upon the foregoing state of facts, the circuit court decided that the set-off claimed by defendant could not be allowed.

The point of law arising in this case is, "Is defendant in this suit entitled to set off against plaintiff's demand one-sixth

part of said $750, to-wit: $125?" If the defendant was entitled to the set-off claimed, then the judgment to be reversed —otherwise, to be affirmed.

The court below rendered judgment in favor of plaintiff, refusing to set off defendant's share of the money paid by plaintiff to the solicitors, and defendant brought this writ of error.

The circuit court had jurisdiction of the parties and of the subject matter in controversy, and having jurisdiction, any decree entered in reference to the parties, or to the property involved, was within its jurisdiction. Any decree rendered in reference thereto would not be void, however erroneous. The statute has provided, that in amicable partition suits the court may allow reasonable solicitor's fees, and it is error to allow such fees where the suit is contested, but such decree is not void, because the court has jurisdiction of the parties and of the property.

Had the court, by decree, ordered the master to pay the solicitors out of the money for which the property sold, the order would have protected the officer, and he having, however wrongfully, paid the same, and the court having, by decree, approved the same, this supplemental decree had the same effect. The fund was in the hands of the court for distribution, and however erroneous the decree, it is binding until reversed, if the court but has jurisdiction of the parties and the fund.

Again, defendant was a party to the suit, and must be presumed to have known of the order approving the payment of the money by the master to the solicitors. He is estopped to deny it, and the order must bind him until reversed. He, after it was entered, settled with the master and allowed him to deduct the amount from his distributive share, and must be bound by the settlement. He could not, whilst that order was unreversed, compel the master to pay to him the one-sixth part of the sum paid the solicitors, and hence can not set it off against plaintiff's claim.

Plaintiff having, through mistake, overpaid defendant, the former has the right to recover the sum thus overpaid. Nor does the receipt operate to prevent it. Such mistakes may be corrected notwithstanding receipts may have been given.

There appearing no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*