THE PEOPLE ex rel. Charles B. Graff, County Collector, Appellant, vs. THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellee.

*Opinion filed December 21, 1910.*

1. RES JUDICATA—*general doctrine stated.* A matter which has been adjudicated by a court of competent jurisdiction is deemed to be finally and conclusively settled in any subsequent litigation, in a court of concurrent jurisdiction, between the same parties where the same question arises, and neither the parties, nor those in privity with or represented by them, can re-litigate such matter.

2. SAME—*what essential to render a judgment res judicata of the cause of action.* To bring a case within the rule that a former judgment is *res judicata* of the cause of action it must appear that such former adjudication was upon a matter contested between the parties, and if the former suit was devised for the purpose of having a certain judgment entered, it will not be binding upon the public or those who are not parties to the scheme adopted for such purpose.

3. SAME—*what is not material to application of the doctrine of res judicata.* In determining whether a judgment in a former *mandamus* suit is *res judicata* as against a defendant in a subsequent suit it is not material that the judgment was rendered on a general demurrer confessing the facts alleged in the petition, provided the issue of law was contested in good faith; nor is it material that the judgment was erroneous and would have been reversed upon appeal or writ of error.

4. SAME—*party sought to be bound by former judgment must have been a party to the former suit.* To render a judgment in a former suit *res judicata* as against a person it must appear that the person sought to be bound was in some way a party to the former suit or in privity with a party thereto.

5. SAME—*what sufficient to require proof that former suit was contested in good faith.* The facts that a *mandamus* suit by the county commissioners, park commissioners and officials of the public library, against the county clerk, to compel him to extend the taxes levied by the petitioners at the rates certified to him instead of at the lower rates required by the amended Revenue act of 1909, was begun and finished on the same day,—the proceedings consisting of a petition, entry of appearance by the clerk, a demurrer by the State's attorney and a judgment awarding the writ,—are sufficient to require proof that the issue of law was contested in good faith, when it is sought to bind a tax-payer by such judgment.

6. SAME—*when persons not parties to the record are bound by judgment.* Persons not parties to the record may be bound by the judgment if they are in privity with some party thereto or are so represented by some party that their rights are fully protected, as in case of a suit by a tax-payer on behalf of himself and other tax-payers in which the merits of the controversy are decided, or an action by or against a municipality which is determinative of rights of individuals which are dependent upon the rights of the municipality and can only be derived and held through it.

7. SAME—*when tax-payers are not represented by county clerk.* In a *mandamus* suit by the county commissioners, park commissioners and officials of the public library, against the county clerk, to compel him to extend the taxes levied by the petitioners at the rate certified to him, the county clerk is not the representative of the tax-payers to the extent of making them parties to the suit by representation and rendering the judgment in such suit *res judicata* against them in a proceeding to collect the taxes.

8. TAXES—*amount of tax voluntarily paid cannot be credited on other taxes though the paid tax was invalid.* A tax-payer who voluntarily pays a certain tax against him is not entitled, upon application for judgment and order of sale, to have the amount so paid credited upon the other taxes he is liable for, even though he might successfully have defended against such tax and alleges it was paid through mistake and oversight.

APPEAL from the County Court of Morgan county; the Hon. THOMAS HENSHAW, Judge, presiding.

ROBERT TILTON, State's Attorney, BELLATTI, BARNES & BELLATTI, and M. F. LAYMAN, for appellant.

KIRBY & WILSON, (J. A. CONNELL, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant, as sheriff and *ex-officio* collector of Morgan county, applied to the county court of said county for judgment against property of appellee, the Chicago, Burlington and Quincy Railroad Company, assessed in the name of the St. Louis, Rock Island and Chicago Railroad Company

and the Jacksonville and St. Louis Railroad Company, and appellee filed objections to that part of the county tax in excess of fifty-four cents on each $100 of the assessed valuation of its property, and also to the excess above nine cents on 'each $100 of said valuation of the taxes levied for park purposes and library purposes, respectively. The county tax was extended at the rate of seventy-five cents and the library and park taxes were each extended at the rate of twelve cents on each $100 of assessed valuation, and the ground of objection was, that they were not extended under the provisions of the amended Revenue act in force July 1, 1909. (Laws of 1909, p. 323.) The appellee had paid the library tax as extended, which was $9.93 in excess of the lawful rate under said act, and appellee alleged that it was paid through mistake and oversight. The court sustained the objections to the county tax and park tax but refused to credit the appellee with the alleged overpayment on account of the library tax. This appeal was prosecuted from the judgment, and the appellee assigns a cross-error upon the refusal of the court to allow a set-off of the over-payment on the library tax against the balance due on another tax.

Counsel for appellant do not in this case dispute the validity of the Juul law or that it was the legal duty of the clerk to obey it, but claim that the appellee was precluded from objecting to the tax by a former adjudication of the circuit court of Morgan county concerning the same subject matter. The affairs of Morgan county are managed by a board of county commissioners, and appellant offered in evidence the record and files of a *mandamus* proceeding in the circuit court, in which the county commissioners, the park commissioners and the officials of the public library were petitioners and the county clerk was defendant. The court sustained an objection to the evidence and appellant excepted to the ruling, which raises the only question under the errors assigned by appellant.

The suit was begun and finished on the same day, and the proceedings consisted of the petition, a demurrer and judgment. The petition filed on December 6, 1909, alleged the levies by the petitioners of taxes at the rates at which the same were extended, and that the county clerk had refused to extend the same at such rates but threatened to extend them at lower rates by authority of the act before referred to, known as the Juul law, and the prayer was for a writ of *mandamus* commanding the clerk to extend the taxes at the rates certified to him. The clerk filed an entry of appearance agreeing that the cause should stand for immediate hearing, and the State's attorney filed a demurrer to the petition. The demurrer confessing the facts alleged in the petition raised an issue of law, but the court did not sustain or overrule the demurrer or determine that issue, except inferentially, by entering a judgment awarding the writ. The judgment entered the same day commanded the county clerk to extend such a rate of taxes as would produce the aggregate amount levied and certified by the petitioners, but no mandate was issued on the judgment. If the judgment was *res judicata* between the People, represented by the collector and the appellee, the court committed an error in not receiving it in evidence, but if it was not *res judicata* it was not competent for any purpose and no error was committed.

A matter which has been adjudicated by a court of competent jurisdiction is deemed to be finally and conclusively settled in any subsequent litigation in a court of concurrent jurisdiction between the same parties, where the same question arises. Neither the parties to an action nor persons in privity with them can re-litigate any fact or question actually or directly in issue in such suit which was passed upon and determined by a court of competent jurisdiction, but where the former adjudication is relied on as a bar to a subsequent action it is essential that there shall be identity both of the subject matter and the parties.

(*Hanna* v. *Read,* 102 Ill. 596; *Tilley* v. *Bridges,* 105 id. 336; *Jenkins* v. *International Bank,* 111 id. 462; *Wright* v. *Griffey,* 147 id. 496; 23 Cyc. 1215; 24 Am. & Eng. Ency. of Law,—2d ed.—709.) To bring a case within the rule that a former judgment is *res judicata* of the cause of action it must appear that such former adjudication was upon a matter contested between the parties, (*Wadhams* v. *Gay,* 73 Ill. 415,) and if a suit is devised for the purpose of having a certain judgment entered, it will not be binding upon the public or those who are not parties to the scheme adopted for that purpose. (*People* v. *Knopf,* 198 Ill. 340.) It is contended that the *mandamus* suit begun by the board of county commissioners and others against the clerk of the board was of that character, and the above recital of facts pertaining to that suit shows some ground for such an inference, which we think was sufficient to cast upon the appellant the burden of showing that the matter was actually in controversy and contested between the parties. There was no such evidence.

It is not material that the judgment in the *mandamus* suit was rendered on a general demurrer confessing the facts alleged if the issue of law was contested in good faith, and it is immaterial that the judgment was erroneous and would have been reversed on appeal or error. (*Stempel* v. *Thomas,* 89 Ill. 146; *Jenkins* v. *International Bank, supra.*) It is necessary, however, to the application of the doctrine of *res judicata* that the appellee was a party to the *mandamus* suit in which the judgment was rendered or in privity with a party thereto. The appellee was not a party to the record in the former proceeding and was in no way connected with it, and there is no privity between the clerk and the appellee. There has been no succession by appellee to rights of property adjudicated or affected in the *mandamus* proceeding and no mutual or successive relation to such rights. The appellee has derived nothing through the clerk, but it is contended that it was represented in the

*mandamus* suit by the clerk and was therefore a party to that suit by representation. There are many cases where persons, although not parties to the record, are represented by such parties and their rights fully protected, but the clerk was in no proper sense a representative of the tax-payers, whose rights were not derived through him or dependent upon his acts, which are purely ministerial. Persons who are not parties to the record may also be concluded by a suit in the name of other persons of the same class, such as tax-payers of the town who bring a suit against the town on behalf of themselves and other tax-payers, in which the merits of the controversy are decided. (*Harmon* v. *Auditor of Public Accounts,* 123 Ill. 122.) There are also cases where the rights of an individual are dependent upon the rights of a municipality and can only be derived and held through such municipality, and in such cases the individual is concluded by a judgment against the municipality. (*Elson* v. *Comstock,* 150 Ill. 303.) Where a right is asserted against a municipality and a judgment is recovered it is binding on tax-payers although they are required, as individuals, to pay the judgment, but a decree enjoining the collection of a tax to pay a demand against a town in a suit by tax-payers against the town is not *res judicata* against the holder of the demand who is not a party to the suit. (*Town of Lyons* v. *Cooledge,* 89 Ill. 529.) The interest of the holder of the demand is adverse to that of the town and the tax-payers, and he is not represented by either in a litigation between them. This case does no come within any recognized rule of representation of one not a party to the record. The court did not err in refusing to admit in evidence the record and files of the *mandamus* suit.

The cross-error assigned is, that the court erred in refusing to credit against other taxes $9.93 voluntarily paid as a library tax, against which the appellee might have suc-

cessfully defended. There is no ground upon which the money so paid could be recovered back or set off against unpaid taxes, and the court did not err in so holding.

The judgment is affirmed.    *Judgment affirmed.*