THE PEOPLE *ex rel.* Joseph T. Cougill, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*when a road district tax is invalid.* A road district tax attempted to be levied under the former Roads and Bridges law after the same had been repealed by the new Roads and Bridges law in force July 1, 1913, is invalid and its collection cannot be enforced.

2. SAME—*amount voluntarily paid for road district tax cannot be set off against other taxes.* The fact that a railroad company volunarily pays a road district tax does not entitle it to have such payment credited upon a subsequent road and bridge tax levied under the act of 1913.

APPEAL from the County Court of Cumberland county; the Hon. S. B. RARIDEN, Judge, presiding.

LEVI N. BREWER, (JOHN G. DRENNAN, of counsel,) for appellant.

WALTER BREWER, State's Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cumberland county for taxes alleged to be due and unpaid against the property of appellant, the Illinois Central Railroad Company.

Appellant owns and operates its railroad through said county, and it appears has paid all taxes assessed against its property for the year 1913 in said county except certain amounts to which objections were filed herein. The taxes in question were road and bridge taxes in the towns of Cottonwood, Sumpter and Greenup and district road taxes in road districts Nos. 9 and 10 and in the village of Toledo, in said county. All these towns and districts were acting, prior to July 1, 1913, under what was then known as the

Labor System Road law. (Hurd's Stat. 1911, chap. 121, secs. 80-124, inclusive.) This act was, in terms, repealed by the Road and Bridge law which went into force July 1, 1913. (Hurd's Stat. 1913, sec. 169, p. 2153.) While this latter act contained certain provisions as to continuing in office the road officials acting under the old road and bridge acts until new officials could be elected under the act of 1913, and keeping alive, possibly, in certain other particulars the provisions of the old law, the act does not in any way, so far as we are advised, attempt to keep alive the provisions of the former road and bridge acts as to levying and collecting taxes, there being complete provisions on these matters in said act of 1913.

The levy as to the district road tax, under the old law, in road districts Nos. 9 and 10 and in the village of Toledo, in said county, amounting, respectively, to $35, $24 and $17.48, was made by the county board of Cumberland county at its September meeting, 1913. This tax was levied under the provisions of the old law, which law at the date of such levy had been repealed by the said Road and Bridge law in force July 1, 1913. Counsel for appellee contend that this tax became valid upon the delivery of the road tax list to the overseer of highways, and that the action of the county board was not necessary in order to make it a valid tax. With this we cannot agree. That identical question was decided by this court in *People* v. *Chicago and Illinois Midland Railway Co.* 260 Ill. 624, and it was there held that there was no valid tax which could be enforced as a lien upon land until the board of supervisors made the levy. It has been held that a tax levy under a law after its repeal, and not in accordance with the law in force at the time of the levy, is invalid and its collection cannot be enforced. (*Burbank* v. *People,* 90 Ill. 554; *People* v. *Toledo, St. Louis and Western Railroad Co.* 249 id. 175.) This being the law, the county court erred in not sustaining the objections as to the district road tax in

road districts Nos. 9 and 10 and in the village of Toledo, amounting, in 'all, to $76.48.

Appellant further argues that the trial court erred in not sustaining objections to the road and bridge tax of $60.52 in the town of Cottonwood, $66.71 in the town of Sumpter and $93.25 in the town of Greenup, on the ground that each of these amounts had been paid in the three respective towns by the objector as a district road tax before the three sums, respectively, had been levied by the county board as a road and bridge tax at its September meeting, 1913, under said Road and Bridge law of July 1 of that year. The appellant contends that the court should give it credit for these amounts in the respective towns as having been paid on the district road tax of that year, to apply on the levy of the road and bridge tax under the law now in force; that under this last named law the road and bridge tax covers and forms a part of the tax known formerly as district road tax, and that appellant had in good faith paid the money charged as district road tax in each of the said towns, which were then under what is known as the labor system, and having paid the same for road purposes under the old law was entitled to credit for such taxes under the new law. To permit appellant to set off against a valid road and bridge tax under the present law an amount it has voluntarily paid for a district road tax under a former law not now in force would permit it to recover back taxes voluntarily paid. This court has repeatedly held that if a property owner voluntarily pays certain taxes which he might have successfully defended he cannot recover the amount so paid, (*Falls* v. *City of Cairo,* 58 Ill. 403; *Walser* v. *Board of Education,* 160 id. 272; 2 Cooley on Taxation,—3d ed.—1495, and note,) or set off such taxes against other unpaid taxes. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 247 Ill. 340; *People* v. *Chicago and Alton Railroad Co.* 247 id. 373; 1 Cooley on Taxation,—3d ed.—20, and note 6.) The county court did

not err in overruling the objections as to the road and bridge taxes in the' three towns last referred to.

For the reasons already given the judgment of the county court will be reversed and the cause remanded to that court, with directions to enter an order in accordance with the views herein set forth.

*Reversed and remanded, with directions.*