THE PEOPLE *ex rel.* Jesse Grissom, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*county board has power to levy tax for State aid roads.* The county board has power to levy a tax to raise the county's share of the money necessary for State aid roads. (*People* v. *Kankakee and Seneca Railroad Co.* 265 Ill. 497, followed.)

2. SAME—*amount voluntarily paid to satisfy one tax cannot be set off against other taxes.* An amount voluntarily paid by a railroad company in labor to satisfy a road district tax cannot be set off against a road and bridge tax subsequently levied under the act of 1913.

3. SAME—*when judgment is not against property not liable for tax.* A judgment against property of a railroad company for road and bridge taxes of certain towns which is rendered against "the aforesaid tract or tracts or lots of land * * * in favor of the People of the State of Illinois for the sums annexed to each, being the amount of taxes, interest, penalties and costs due severally thereon," and which orders that "the said several tracts or lots of land, or as much of each of them as shall be sufficient to satisfy the amount of taxes, interest, penalties and costs annexed to them severally, to be sold as the law directs," is a judgment against the company's property in each taxing district for taxes unpaid thereon as shown by the delinquent list, and is not a judgment against all of the company's property in the county for the road and bridge taxes of the towns.

APPEAL from the County Court of White county; the Hon. J. C. KERN, Judge, presiding.

P. J. KOLB, (L. J. HACKNEY, and FRANK L. LITTLETON, of counsel,) for appellant.

Mr. JUSTICE FARMER delivered the opinion of the court:

The county court of White county overruled objections of appellant to the application of the county collector for judgment against its property for a certain county tax and for a part of its road and bridge tax in the towns of Indian

Creek and Carmi. Judgment was entered with order of sale of appellant's property to pay the taxes, and appellant has prosecuted this appeal from that judgment.

That part of the county tax objected to by appellant amounting to $294.83 was the appellant's part of a levy of $6000. The total tax levy of the county board, passed at its annual September meeting, was for $47,625. The item objected to by appellant was designated, "For hard roads, $6000." Appellant contends as to this item of the levy, first, that the board had no authority to make such a tax levy for hard roads; and second, that if the levy is intended for State aid roads there is no authority given or to be found in the act of 1913 for a levy to raise such funds, as the act provides the same can be raised only by an appropriation from the county treasury from funds available for that purpose or by a bond issue voted by the tax-payers of the county. As to the first contention, that the item of the tax levy for $6000 designated "hard roads" is unauthorized, it would have been better to have designated it State aid roads, but an examination of the record of the board of supervisors makes it clear the levy of $6000 was for State aid roads. At a meeting of the board of supervisors held August 5, 1913, a resolution was passed designating the highways selected and to be known as State aid roads, and further stating that an appropriation to an equal amount allotted to White county by the State for State aid roads would be appropriated at its annual meeting in September. At the annual meeting of the board on September 9, 1913, the tax levy was made for the ensuing year, which included the $6000 item designated "hard roads" which is objected to. As to the second contention, that under the present Road and Bridge law the levy of a tax for State aid roads is unauthorized, we have decided otherwise in *People* v. *Kankakee and Seneca Railroad Co.* 265 Ill. 497, and for the reasons there assigned the court prop-

erly overruled appellant's objection to its part of the county tax levied for State aid roads.

The road and bridge tax extended against appellant's property under a levy made in September, 1913, under the provisions of the act then in force, in the town of Carmi was $272.70 and in the town of Indian Creek was $281.22. Prior to July 1, 1913, both of said towns were under what is known as the labor system under the Road and Bridge act then in force, and under that act a tax was assessed against appellant's property amounting to $126.99 in the town of Carmi and $206.89 in the town of Indian Creek. These taxes were paid by appellant in labor before September 1, 1913, and receipts of overseers of highways of the different road districts in said towns taken therefor. Appellant claimed it was entitled to a credit of the amounts so paid in labor upon the road and bridge tax assessed and extended against its property by the levy made in September under the law of 1913. It paid the difference between these amounts in money and objected to a judgment against its property for the remainder. Under the terms of the act in force prior to July 1, 1913, the tax could be paid in money or labor any time prior to five days before the annual meeting of the board of supervisors in September. At the September, 1913, meeting of the board of supervisors, acting pursuant to the Road and Bridge law now in force, a tax payable in money, only, was levied against the appellant. The only evidence in the record as to when the tax levied under the old law was paid is the receipts of the overseers of highways. These receipts are all dated in the month of August, 1913. Presumably the payments were made in labor during that month, and were therefore made after the law under which the tax was assessed had ceased to exist. Appellant insists that if the tax had not been paid in labor it could not have been extended against appellant's land, and that having paid it in labor before the time for its extension against the property to be paid in money,

it ought not to be put in a worse position than it would have been in if it had not paid. Assuming that if appellant had not paid the tax in labor it could not have been compelled to pay it in money, the question is presented whether, having paid the tax at the time and in the manner stated, it can now claim the benefit of the payment as a credit upon the tax levied under the act of 1913. No question is raised as to the validity of the tax levied under the act of 1913 and the liability of appellant for that tax, but the claim is that the amount paid before that tax was levied, in discharge of a tax assessed before but not paid until after the law of 1913 went into effect, should be applied as a payment upon the tax levied under the act of 1913. The precise question was decided against appellant's contention in *People* v. *Illinois Central Railroad Co.* 265 Ill. 429.

It is also objected that the court erred in rendering judgment for the road and bridge tax of the towns of Carmi and Indian Creek against all of the appellant's property in White county. We do not so understand the judgment. The court rendered judgment against "the aforesaid tract or tracts or lots of land * * * in favor of the People of the State of Illinois for the sums annexed to each, being the amount of taxes, interest, penalties and costs due severally thereon," and ordered that "the said several tracts or lots of land, or as much of each of them as shall be sufficient to satisfy the amount of taxes, interest, penalties and costs annexed to them severally, be sold as the law directs." This we understand to be a judgment against the property of appellant in each taxing district for the taxes unpaid thereon, as shown by the delinquent list.

The judgment of the county court is affirmed.

*Judgment affirmed.*