THE PEOPLE *ex rel.* D. C. Youngblood, County Collector, Appellee, *vs.* THE NORTHERN AND SOUTHERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*provisions for selecting State aid roads are not conditions precedent to right to levy tax.* The provisions of the Roads and Bridges act of 1913 regarding the designation of highways to be improved as State aid roads, making and filing a plat of them, adopting plans, etc., are not conditions precedent to the right of the county to levy a tax to raise the money for State aid roads, as the county board has authority to levy such tax under its general power to levy taxes to raise money for county purposes.

2. SAME—*commissioners of highways had power to levy a tax under the Roads and Bridges act of 1913.* After the Roads and Bridges act came into force, July 1, 1913, the commissioners of highways had power to levy a tax thereunder, notwithstanding a road district tax had been levied under the former law and been paid in labor; nor can the amount so paid in labor be set off against the tax levied under the act of 1913.

3. SAME—*section 43 and the proviso to section 169 of Roads and Bridges act of 1913 do not postpone taking effect of the act.* Section 43 and the proviso to section 169 of the Roads and Bridges act of 1913 were not intended to postpone the taking effect of the act but only to provide officers for carrying the act into effect.

APPEAL from the County Court of Jefferson county; the Hon. A. D. WEBB, Judge, presiding.

266 – 13

NOLEMAN & SMITH, and BUNDY & WHAM, (J. A. CON-NELL, of counsel,) for appellant.

JOEL F. WATSON, State's Attorney, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a judgment for taxes. The same objection was made to a county tax for State aid roads as in *People* v. *Kankakee and Seneca Railroad Co.* 265 Ill. 497, and for the reasons there given was properly overruled.

The further objection is made that at the time of the levy of the tax there had been no allotment to the county for State aid roads and no action had been taken by the county to designate the public highways to come under the provisions of the act authorizing State aid or otherwise to avail itself of the provisions of the act. No preliminary action was necessary to authorize the county board to levy the tax. The levy was for a county purpose and the county had full power to make it. (*People* v. *Kankakee and Seneca Railroad Co. supra; People* v. *Jacksonville and St. Louis Railroad Co.* 265 Ill. 550.) The provisions for designating the highways to be improved by State aid, making and filing a plat of them, adopting plans and a scheme of improvement and appropriating the county's proportion of the cost are not conditions precedent to the right to levy the tax. They indicate merely the method which must be pursued to apply the tax, when collected, to the purpose for which it was levied, and have nothing to do with the power to make the levy.

In three of the townships in the county which were under the labor system, district road taxes were assessed under section 83 of the Road and Bridge act of 1883, and these taxes were paid in full in labor prior to July 1, 1913, when that act was repealed and was succeeded by the act of 1913. After that date the commissioners of highways levied a tax of sixty-one cents on the $100 valuation, be-

ing the maximum that could be levied for road and bridge purposes. It is contended that no taxes could be levied under the new act for the year 1913. This claim is based upon section 43 of the new act, which provides that until the first annual election held after the new act becomes effective the several boards of highway commissioners and clerks in office at the time the new act went into effect shall continue to exercise their respective powers and duties as before, and after such election the highway commissioners then in office and thereafter elected shall exercise all the functions, powers and duties provided by the act; and upon section 169, which repeals the act of 1883, with the proviso that "all officials now holding office under said act shall continue to exercise and enjoy their respective rights, powers, duties and emoluments as therein provided, until the first election of highway officials held under the provisions of the act." Under the constitution the act of 1913 went into effect on July 1 unless the act itself provided for its going into effect at a later date. On that day the authority of all officers under the old act would cease unless preserved under the new. Accordingly, section 43 and the proviso to section 169 were inserted, not to postpone the taking effect of the act but to provide officers to put it into effect. These provisions of the new act merely continued the officers under the old act as officers under the new act, with the same powers and duties as before, except that such powers and duties must be exercised in accordance with the terms of the new act. The act of 1883 was not in force after July 1, 1913, the commissioners had power to make the levy in September, 1913, and the levy in question was valid.

The appellant insists that if the levy of September, 1913, was valid it should have credit for the taxes it paid in labor before July 1, 1913. We decided otherwise in *People* v. *Jacksonville and St. Louis Railroad Co. supra,* and *People* v. *Illinois Central Railroad Co.* 265 Ill. 429.

*Judgment affirmed.*