THE PEOPLE *ex rel.* C. E. Landers, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1914.*

TAXES—*amount paid in labor to satisfy road district tax can not be set off against a road tax levied under the new law.* The amount voluntarily paid in labor to satisfy a road district tax can not be set off against a road and bridge tax levied under the new Roads and Bridges act of 1913.

APPEAL from the County Court of Montgomery county; the Hon. JOHN L. DRYER, Judge, presiding.

D. R. KINDER, (JOHN G. DRENNAN, of counsel,) for appellant.

J. EARL MAJOR, State's Attorney, (T. A. GASAWAY, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal by appellant, the Illinois Central Railroad Company, from a judgment and order of sale of the county court of Montgomery county against the property of appellant for part of a delinquent road and bridge tax of the town of South Litchfield, in that county.

Prior to July 1, 1913, South Litchfield township was operating under what is known as the "road labor system," (Hurd's Stat. 1911, chap. 121, sec. 83 *et seq.*) and the commissioners of highways of districts Nos. 2 and 3 in that township assessed a highway labor and road tax against appellant's property of $52.12 in each district, or $104.24 in all. Appellant paid this tax, as appears from the record, on or prior to September 2, 1913. The Road law of June 27, 1913, which went into effect July 1, 1913, repealed the former Road law and provided that one levy be made for all road and bridge purposes. (Hurd's Stat. 1913, chap. 121, sec. 56, p. 2129.) On September 2, 1913, the commissioners of highways of the town of South Litchfield, under the law of 1913, made out and certified to the county board a certificate stating that it was necessary to raise $4000 for road and bridge purposes, and the county board ordered the same extended by the county clerk as a road and bridge tax. This tax was levied at the rate of forty-four cents on the $100 against appellant's property, making the total tax against its property in that township, under the new law, $226.07. The appellant deducted the amount previously paid as a labor road tax in districts Nos. 2 and 3 and paid the remainder of the tax but refused to pay the balance of $104.24 of the tax, being an amount equal to the amount of the labor road tax paid on the previous assessment, and the same was returned delinquent for that amount. On the application for judgment appellant insisted it should be given credit on this assessment for the amount of the tax previously paid on the former assessment, its argument being that as the former tax was levied pursuant to the provision of section 83 of the Road and Bridge act of 1883, which was repealed by the act of June 27, 1913, (Hurd's Stat. 1913, chap. 121, sec. 169,) and the tax in question levied under the latter act for the same year and for the same purpose as the former tax, it operated unjustly on appellant, in that those who

had not paid the former tax escaped liability therefor by reason of the repeal of the law under which the commissioners of highways acted, before the same had been returned by the overseer to the supervisor and ordered levied and collected by the board of supervisors. Appellant also contends that the total amount of its road and bridge tax by reason of its payment under the old law amounted to sixty-nine cents on the $100, while under the law of 1913 the limit is sixty-one cents on the $100 of taxable property. The county court overruled all of appellant's objections and entered judgment against its property for the balance due on this assessment, which is the judgment appealed from.

Appellant concedes that the former tax was legally levied under the provisions of section 83 of the law then in force and that it voluntarily and in good faith paid said former tax. Under these circumstances, in the absence of a statutory provision to the contrary, there is no law or authority for allowing appellant credit on this tax for the amount voluntarily paid on the prior tax. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 247 Ill. 340; *People* v. *Chicago and Alton Railroad Co.* 247 id. 373.) In the former case the railroad company had paid a library tax as extended, which was $9.93 in excess of the lawful rate, and alleged that it had been paid through mistake and oversight, and insisted that it should be given credit on its other taxes for the amount of this library tax so voluntarily paid, against which it might have successfully defended, and we there said: "There is no ground upon which the money so paid could be recovered back or set off against unpaid taxes, and the court did not err in so holding." The above cases are decisive of this question, and the county court did not err in overruling the objection.

For the reason given the judgment of the county court will be affirmed.                    *Judgment affirmed.*