THE PEOPLE *ex rel.* Fred W. Schilt, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1914.*    ·

1. TAXES—*amount voluntarily paid on a road district tax can not be set off against other taxes.* An amount voluntarily paid to satisfy a road district tax cannot be set off against a road tax subsequently levied under the act of 1913.

2. SAME—*when road district tax is invalid.* Where a road district tax assessed under the Roads and Bridges law as it existed prior to its repeal by the new Roads and Bridges law in force on July 1, 1913, is returned delinquent, it cannot be levied as a tax against land at the September meeting of the county board, after the law authorizing such levy had been repealed.

APPEAL from the County Court of Richland county; the Hon. S. C. LEWIS, Judge, presiding.    ·

J. G. DRENNAN, and LYNCH & MARTIN, for appellant.

H. G. MORRIS, for appellee.    ·

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Richland county overruling objections of appellant to certain taxes and rendering judgment and order of sale against the property of appellant against which the tax was extended.

Prior to July 1, 1913, Olney and Preston townships, in Richland county, were, under the Road and Bridge act then in force, under the labor system. Under that act the commissioners of highways assessed a tax under section 83 of the Road and Bridge law of 1883, which was payable in labor at the option of the property owner. The tax assessed in Olney township against appellant was $78.21, which was all paid in labor. Appellant's property is in three road districts in Preston township, and in road district No. 2 it

was assessed $28.84, in district No. 5 $27.12 and in district No. 8 $27.12. The tax assessed against it in district No. 8 was paid by it in labor, but nothing was paid on the taxes in districts Nos. 2 and 5 in Preston township. At the September, 1913, meeting of the county board a road and bridge tax was levied, under the act then in force, in Olney and Preston townships. Appellant's portion of that tax in Olney township was $303.08 and in Preston township $213.54. It claimed credit on this amount in Olney township for $78.21 paid in labor under the tax assessed by the commissioners of highways prior to July 1, 1913. It paid the difference ($224.87) in money and objected to judgment for the $78.21. It also claimed credit in Preston township for $27.12 paid in labor under the tax assessed before July 1, 1913, and paid the difference ($186.42) in money and objected to judgment for the balance, $27.12. The court overruled the appellant's objections and rendered judgment for the $78.21 in Olney township and $27.12 in road district No. 8 in Preston township. The payments were made, as shown by the receipts, after July 1, 1913, and we have held appellant is not entitled to claim credit for such payments upon the tax levied and extended against it under the 1913 law. *People* v. *Illinois Central Railroad Co.* 265 Ill. 429; *People* v. *Cairo, Vincennes and Chicago Railway Co.* (*ante,* p. 35.)

Nothing was paid by appellant on the amounts assessed against its property by the commissioners of highways, under the old law, in districts Nos. 2 and 5 in Preston township, and the amounts so levied were returned delinquent and extended as a delinquent tax against appellant's property. We have held this could not lawfully be done, as to that tax, under the law of 1913. *People* v. *Illinois Central Railroad Co. supra.*

The court properly overruled the objections to the tax in Olney township and to the tax in road district No. 8 in Preston township, and to that extent the judgment is af-

firmed, but the court erred in overruling the objection to the tax in road districts Nos. 2 and 5 in Preston township. As to the latter tax the judgment is reversed and the cause remanded, with directions to the county court to sustain the objections to that tax.

*Reversed in part and remanded, with directions.* ·