THE PEOPLE ex rel. Rolla J. Gray, County Collector, Appellee, vs. THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed February 16, 1916.*

1. TAXES—*certificate of commissioners need only show amount required.* The statute does not require the commissioners of highways to certify to all their actions preliminary to the ascertainment of the amount of taxes required, but only requires that they shall certify the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges in the town.

2. SAME—*when failure to keep a record will not vitiate a tax.* Failure of the highway commissioners to keep a record of their action will not vitiate a road tax levy, provided the necessary action was taken to levy the tax and proper steps are taken, after proof made, to amend or supply the record at the hearing upon application for judgment and order of sale; and if the proof is made and leave is given to amend the record, the neglect of the commissioners to make the amendment and offer the amended record in evidence will not work a reversal of a judgment for the tax.

3. SAME—*what shows sufficient approval by the county board.* A sufficient approval of road and bridge taxes is shown by the record of the county board reciting that "on motion it is ordered that the county clerk extend on the collector's books of the various towns of Lawrence county, for the year 1914, the following amounts for road and bridge purposes," following which is a list of the amounts required by the various towns of the county.

APPEAL from the County Court of Lawrence county; the Hon. OTTO W. LONGENECKER, Judge, presiding.

P. J. KOLB, and GEE & BARNES, (L. J. HACKNEY, and FRANK L. LITTLETON, of counsel,) for appellant.

R. M. SHAW, State's Attorney, and B. O. SUMNER, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The county court of Lawrence county overruled the objections of appellant, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, to the road and bridge taxes

of the towns of Lawrence and Denison for the year 1914 and rendered judgment and entered an order of sale against the property of appellant for such taxes.

The objections made to the taxes of the town of Lawrence which were overruled, were, first, that the certificate of levy of the commissioners of highways upon which the taxes were extended does not show that the two meetings required by the statute to be held during the month of August and on the first Tuesday of September, respectively, were held; second, that the commissioners of highways did not hold the two meetings required by the statute to determine the tax rate and the amount of taxes to be levied; and third, that said taxes were not approved by the board of supervisors of Lawrence county at the September meeting of the board. The third objection made to the taxes of the town of Lawrence was also made to the taxes of the town of Denison.

The statute does not require the commissioners of highways to certify to all their actions preliminary to the ascertainment of the amount of taxes required, but only requires that they shall certify the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges in the town. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 Ill. 538.) The certificate of levy of the commissioners of highways of the town of Lawrence was sufficient.

It appears that the commissioners of highways of the town of Lawrence had not preserved any record of the meeting held during the month of August to determine the tax rate. Proof was made that such a meeting was actually held and that proper action was taken by the commissioners of highways. Leave was then asked and granted to amend the record of the commissioners of highways, and the court entered an order that the record be amended, and the amendments authorized were set out in full in such order. It does not appear that the record of the August meeting

of the commissioners of highways was supplied or amended and then offered in evidence, and it is now contended that for the failure to make the amendment under the leave granted and to offer the record, as amended, in evidence, the judgment of the county court should be reversed. The law imposes upon the commissioners of highways the duty to keep a record of all their proceedings. (*People* v. *Toledo, St. Louis and Western Railroad Co.* 270 Ill. 472.) Under the provisions of the Revenue act the failure to so keep a record will not vitiate a tax levy provided the necessary action was taken by the commissioners to levy a tax, and proper steps are taken, after proof made, to amend or supply their record at the hearing upon application for judgment and sale of property for delinquent taxes. When it is disclosed that the commissioners through some oversight have failed or omitted to keep a proper record of their proceedings, it becomes the duty of the board or the town clerk, upon leave granted, to make the necessary amendment or to supply the necessary record in order that such record shall truthfully detail the action taken by the board.

The record of the action of the county board on road and bridge taxes is as follows: "On motion it is ordered that the county clerk extend on the collector's books of the various towns of Lawrence county, for the year 1914, the following amounts for road and bridge purposes,"—here follow the amounts of the taxes so ordered to be extended, among them being the road and bridge taxes of the towns of Lawrence and Denison. This was a sufficient approval of the road and bridge taxes of these towns and complies with the requirements of the statute.

It is contended that the court erroneously entered judgment for the road and bridge taxes of the towns of Lawrence and Denison against all of appellant's property in Lawrence county. This contention cannot be sustained. The record in this respect is identical with that in *People* v. *Cairo, Vincennes and Chicago Railway Co.* 266 Ill. 35,

where the same contention was made. Under the holding in that case the judgment here is proper. ·

· The judgment of the county court overruling the objection to the road and bridge taxes of the town of Denison is affirmed. The judgment overruling the objections to the road and bridge taxes of the town of Lawrence is reversed and the cause is remanded, with directions to the county court to permit the town clerk of the town of Lawrence to amend the record of the commissioners of highways pursuant to the facts proven upon the hearing under the leave granted to so amend the record, and to admit the record in evidence when so amended, and to then enter a judgment for the road and bridge taxes of the town of Lawrence.

*Reversed and remanded, with directions.*