THE PEOPLE *ex rel.* Alva Shrout, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1925.*

1. TAXES—*county clerk must have written notice of consent to additional town road and bridge tax—burden of proof.* The highway commissioner must file with the county clerk evidence in writing of the consent of the town auditors to the levy of an additional town road and bridge tax, and this evidence may be the original document signed by the members of the board at their regular meeting or it may be a certificate of the commissioner that he has obtained written consent at said meeting, but the burden is on the objector to show that the county clerk was not advised of such written consent, and where the certificate filed by the highway commissioner with the board of supervisors is not before the court, and it is not shown that it did not show the required consent, the objection to the tax must be overruled.

2. SAME—*when consent of majority of town auditors to additional road and bridge tax is sufficiently shown.* In the absence of a showing that there are more than three members of the board of town auditors, consent to the levy of an additional town road and bridge tax is sufficient if signed by two board members.

3. SAME—*when tax record may be amended to show correct date of passage of appropriation ordinance.* Where the certified copy of a village tax levy ordinance as filed with the county clerk shows that it was passed and approved the same day the appropriation ordinance was passed and approved, upon the testimony of the village clerk that he made a mistake in copying the date of the appropriation ordinance the certified copy of the tax levy ordinance may be amended to show the correct date of the appropriation ordinance.

APPEAL from the County Court of Christian county; the Hon. C. J. VOGELSANG, Judge, presiding.

HOGAN & REESE, for appellant.

CARL H. PREIHS, State's Attorney, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The county collector of Christian county applied for judgment against the lands of appellant for delinquent taxes, and appellant filed objections to the excess above fifty cents on each $100 assessed valuation of its taxable property in different towns for road and bridge taxes and to the village tax of the village of Harvel. The objections were over-ruled and judgment was entered. This appeal followed.

The county clerk extended the road and bridge taxes for the towns of Stonington, Taylorville, Johnson, Bear Creek and Ricks at the rate of sixty-six cents on each $100 assessed valuation, and the objection is that the excess above fifty cents was without lawful authority. It was stipulated that in each of the towns the highway commissioner appeared before the board of town auditors at its regular meeting held on the second Tuesday of September, 1924, and before determining the amount necessary to be raised by taxation for road and bridge purposes he obtained the consent in writing of said board to the levy of a tax which would require a rate of sixty-six cents on each $100 assessed valuation, and that said written consent was in each instance signed by a majority of the members of the board, and that the commissioner filed the written consent with the town clerk but did not file it with the county clerk. The certificate of tax levy filed with the board of supervisors by the commissioner of each of said towns was approved by the board and a tax was extended by the county clerk against the taxable property of the several towns at the rate of sixty-six cents on each $100 assessed valuation. As a condition precedent to the extension of a tax at a rate exceeding fifty cents, the commissioner must obtain, at its regular meeting held on the first Tuesday in September, the consent in writing of a majority of the board of town auditors, (*People v. Chicago and Eastern Illinois Railway Co.* 306 Ill. 402;

*People* v. *Illinois Central Railroad Co.* 314 id. 339;) and must file with the county clerk evidence in writing of this consent. (*People* v. *Wabash Railway Co.* 311 Ill. 579.) This evidence may be the original document signed by the members of the board of town auditors, or it may be a certificate of the commissioner of highways that he has obtained the consent in writing, as required by law. Section 56 of the Roads and Bridges act, which fixes the limitations of the general tax levy for road and bridge purposes, does not say whether the consent in writing shall be retained by the highway commissioner or filed with the town clerk or county clerk, or what shall be done with it. The only requirement of the statute is that he shall have procured such consent before the county clerk shall be authorized to extend a rate in excess of fifty cents. The certificate filed by the highway commissioner with the board of supervisors is not before us, nor is there any contention that this certificate did not advise the county clerk that the required consent to the excess tax had been obtained. The burden is on the objector to show the illegality of a tax, and that burden not having been sustained in this case, the objection was properly overruled.

The consent in writing secured by the highway commissioner for the town of King was signed by two members of the board of town auditors. The objection to the excess road and bridge tax for this town is that a majority of the board did not sign the consent. Appellant has produced no proof that there are more than three members of the board of town auditors in this town, and so this objection was properly overruled. *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 314 Ill. 378.

We have experienced some difficulty in determining just what objection is made to the village tax, but we gather from an examination of the abstract and brief of appellant that the objection is that the certified copy of the tax levy ordinance filed with the county clerk shows that it was passed

and approved the same day the appropriation ordinance was passed and approved. On the trial the village clerk was permitted to testify that in making the certified copy he made a mistake in copying the date of the passage of the appropriation ordinance. He was permitted to correct the certified copy to conform to the village records. After the correction was made the certified copy filed with the county clerk showed that the appropriation ordinance was passed May 5 and the tax levy ordinance June 2. The court properly permitted the amendment, which obviated the objection.

The judgment of the county court is affirmed.

*Judgment affirmed.*