(No. 17954.—Reversed and remanded.)

The People ex rel. Mark Pummill, County Collector, Defendant in Error, vs. The New York, Chicago and St. Louis Railroad Company, Plaintiff in Error.

*Opinion filed February 16, 1927.*

1. Taxes—*when levy of additional town road and bridge tax is authorized.* The consent in writing of a majority of the board of town auditors, executed at the regular meeting of the board on the first Tuesday in September, is essential to the validity of an additional road and bridge tax; but the fact that the board gave such consent at a special meeting prior to the regular meeting and that the commissioner filed such consent with his certificate of the necessary rate will not invalidate the tax, where the commissioner at the regular meeting of the board of auditors again obtained its written consent to the additional tax in compliance with the statute.

2. Same—*when a tax record cannot be amended.* While section 191 of the Revenue act makes liberal provision for the correction of irregularities and omissions in proceedings connected with the levying of taxes which do not affect the substantial justice of the tax, it is not proper to change the record to say that certain action was taken when it was not, in fact, taken, nor is it proper to amend the record where the parol testimony offered is uncertain and contradictory.

3. Same—*when a school tax is not levied in required time— amendment.* A school tax is not levied on or before the first Tuesday in August, as required by law, where the district board had regular meetings on the first Wednesday in each month and formally levied the tax in question on the first Wednesday in August by adoption of a resolution stating the amount to be raised; and the record cannot be amended to show that the amount was, in fact, ascertained and agreed upon at a special meeting in June, in accordance with the testimony of the president and secretary, where said evidence shows that no formal action was taken or motion made or resolution offered until the August meeting.

Writ of Error to the County Court of Fayette county; the Hon. C. R. Torrence, Judge, presiding.

C. E. Pope, and H. F. Driemeyer, for plaintiff in error.

Will P. Welker, State's Attorney, and Albert, Webb & Albert, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, the New York, Chicago and St. Louis Railroad Company, filed objections to the school tax of district No. 37 and the road and bridge tax of the town of Hurricane, in Fayette county. The objections were overruled, judgment was entered on the collector's application, and this writ of error is prosecuted to review the judgment.

It is stipulated that the highway commissioner of the town of Hurricane filed with the county clerk a certificate in which he stated that at a regular meeting of the town board held on the first Tuesday in September for the purpose of determining the tax rate to be certified to the county board it was determined that the rate necessary to raise the amount needed for road and bridge purposes was sixty-six cents on each $100 assessed valuation, and he further certified the amounts which he had determined necessary to be raised for various road and bridge purposes. Attached to this certificate was a writing signed by the supervisor, assessor and town clerk giving their consent to the levy of sixty-six cents for road and bridge purposes. This certificate is dated August 22, 1925. It was further stipulated that the board of town auditors did hold a special meeting August 22 and did at that meeting give its consent in writing to the additional levy for road and bridge purposes; that the board at its regular meeting on the first Tuesday in September, on the petition of the highway commissioner, again gave its consent in writing to the additional levy, and that upon the giving of such consent the highway commissioner made his decision of the amount necessary to be raised. Plaintiff in error contends that the county board did not have authority to establish a rate in excess of fifty cents, nor the county clerk to extend a tax at the higher rate, without having before them evidence of the consent in writing given September 1. Section 56 of the Roads and Bridges act, which fixes the limitations of the general

tax levy for road and bridge purposes, does not say whether the consent in writing shall be retained by the highway commissioner or filed with the town clerk or the county clerk or what shall be done with it. The only requirement of the statute is that the commissioner shall have procured such consent before the county clerk shall be authorized to extend a rate in excess of fifty cents. (*People* v. *Wabash Railway Co.* 319 Ill. 183.) In this case the highway commissioner complied with the requirements of the statute. At the regular meeting of the board of town auditors on the first Tuesday in September he requested and procured the consent in writing of the members of the board to the fixing of a rate of sixty-six cents and after procuring the consent he determined the amount necessary to be raised. He filed with the county clerk a certificate regular on its face, and the county board and the county clerk acted upon it. In the extension of taxes the county clerk acts ministerially and has no authority to go back of the certificate and inquire into the regularity of the proceedings evidenced by it. The consent in writing of a majority of the board of town auditors, executed at the regular meeting of the board on the first Tuesday in September, is essential to the validity of the additional road and bridge tax, (*People* v. *Wabash Railway Co.* 311 Ill. 579,) but it is not necessary that the highway commissioner shall certify to the county board or the county clerk the action taken by him preliminary to the ascertainment of the rate of tax or the amount of money required. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 Ill. 611; *Same* v. *Same,* 270 id. 527.) It being unnecessary to file with the county clerk evidence of the preliminary steps further than his certificate naming the rate needed, it is immaterial that the commissioner filed the wrong consent in writing with his certificate. The county court properly overruled the objection to this tax.

The objection to the school tax is that it was not levied by the board of education on or before the first Tuesday in August, as required by law. The board in this district had regular meetings on the first Wednesday in each month. The last regular meeting held prior to the first Tuesday in August, 1925, was on the first Wednesday in June. It is agreed that no action was taken with respect to the tax levy at this meeting or any meeting prior thereto. A special meeting of the board was called for June 16, and the minutes of this meeting show that "the meeting was called for the purpose of hiring a teacher for the high school." According to the minutes no other business was transacted at this meeting, and there is nothing in them to indicate that the question of levying taxes was discussed or considered. The regular July meeting was not held because of the absence of the president. The regular August meeting was held on Wednesday, August 5. The minutes of this meeting show the adoption of the following resolution:

"*Resolved,* That the sum of twelve thousand dollars ($9,000.00 education, $3,000.00 building) be levied as a special tax for school purposes on the taxable property of this district lying in Fayette county, for the year 1925, and that the said sum or amount be duly certified and returned to the township treasurer as required by law."

Accordingly a certificate was filed with the treasurer August 6, 1925, and by him filed with the county clerk August 8. On the trial a motion was made to amend the record of the board of education to show that the levy was made at the special meeting on June 16. L. E. Stokes, the secretary of the board, testifies that he notified the members orally of the special meeting; that he told them a teacher was to be hired and that the amount of taxes to be levied was to be discussed; that they hired the teacher and then spent about an hour discussing the amount of taxes to be levied; that the president suggested that they should levy $12,000; that everyone agreed to such a levy; that no motion was made or resolution offered to levy

324—33

the tax for the reason that the president wanted to see the treasurer to ascertain whether the levy was within the limit; that he did not make any record of the discussion and no certificate was made by him and the president and filed with the township treasurer showing a levy prior to the first Tuesday in August; that the minutes of the meeting of June 16 were read at the regular meeting August 5 and were approved; that six members of the board were present at the June meeting and that the same members were present at the August meeting; that he made no statement to the board that he had omitted to record the fact that the amount of taxes had been discussed and agreed upon at the June meeting and that no one else suggested the omission from the record of the action taken; that the resolution to levy the annual tax was offered at the August meeting and was regularly adopted, and that the minutes properly record what occurred at the meeting. E. P. Staff testifies that he had been president of the board of education of district No. 37 for three years and that he presided at the June and August meetings in 1925; that he suggested to the board that they would need, in addition to the funds on hand, $12,000 with which to maintain the school for the next year and to pay the bonds coming due; that he asked each member for his views on the question, and each one agreed that that amount was necessary; that he asked them if they were in favor of levying $9000 for school purposes and $3000 for building purposes, and each man answered in the affirmative; that no motion was made or resolution offered to levy a tax that would produce $12,000; that he again presented the matter at the August meeting because he thought some formal action ought to be taken; that the formal resolution was offered and adopted and the tax thereby levied.

Section 191 of the Revenue act makes liberal provision for the correction of irregularities and omissions in proceedings connected with the levying of taxes which do not

affect the substantial justice of the tax. If, as a matter of fact, proper proceedings have been had for the levying of a tax and the clerk has failed to correctly record the proceedings, it is proper for the public authorities to prove by competent evidence that regular proceedings were had, and, if the evidence offered shows clearly that the proceedings were regular, the court has authority to order the record amended so that it will speak the truth. It is not proper, however, to change the record to say that certain action was taken when it was not, in fact, taken, nor is it proper to amend the record where the parol testimony offered is uncertain and contradictory. (*People* v. *New York, Chicago and St. Louis Railroad Co.* 320 Ill. 148; *People* v. *Wabash Railway Co.* 316 id. 403; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 206 id. 565.) The evidence in this record falls far short of being clear and satisfactory. The most it shows is that the question of the amount to be raised for school purposes for the coming year was discussed and that the members agreed to levy $12,000 if that amount was within the limits of the statute. It is clear that no corporate action was taken to levy the tax. This was so understood by the clerk when he wrote the minutes and by all the members of the board when the minutes were read and approved at the August meeting. It is not reasonable to assume that the board would have approved at the August meeting minutes which omitted the record of a levy that was made at the June meeting and then made an original levy at the August meeting without reference to the action previously taken. The court erred in permitting the record to be amended to show the levy made at the June meeting and erred in overruling the objection to the tax.

The judgment is reversed and the cause is remanded to the county court, with directions to enter a judgment in accordance with the views herein expressed.

*Reversed and remanded, with directions.*