(No. 3269—

Silver Fleet Motor Express, Inc., Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed October 13, 1938.*

Claimant, pro se.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

On November 1st, 1937 the claimant, Silver Fleet Motor Express, Inc., of Louisville, Kentucky, obtained a certificate of authority to transact business in the State of Illinois, and a license as a distributor of motor fuel under the provisions of the Motor Fuel Tax Law of this State (Ill. Rev. Stat. 1937, Bar Assn. Ed., Ch. 120, pars. 417-434).

Claimant operated under such license until March 31st, 1938, at which time it ceased to do business within this State in such a manner as to require it to hold a motor fuel distributor's license, and such license was therefore cancelled.

The Motor Fuel Tax Law imposes a privilege tax on the operation of motor vehicles upon the public highways of this State at the rate of three cents (3c) per gallon on all motor fuel used in such vehicles upon such public highways. Such law also provides that no person shall act as a distributor of motor fuel without first securing a license from the Department of Finance. Applicants for such licenses are required to furnish a bond, and under the provisions of the Act are required to make a monthly return to the Department of Finance, showing an itemized statement of the number of invoiced gallons of motor fuel purchased, acquired or received; the amount sold, distributed and used; the amount lost or destroyed; and the amount on hand at the close of business for such month, etc.

Such Act further requires each distributor to collect from the purchaser at the time of such sale, three cents per gallon on all motor fuel sold, and at the time of making his return, the distributor is required to pay to the Department the amount so collected, less the actual cost of making the collection and payment, not to exceed two per cent of the amount so collected.

The claimant submitted its returns regularly as required by the Motor Fuel Tax Law, and paid the amount required to be paid in accordance with such several returns.

Claimant's return for the month of December, 1937, indicated that it had on hand an actual inventory at the end of such month in the amount of 138 gallons. Its return for the month of January, 1938, indicated an actual inventory at the beginning of such month in the amount of 7,057 gallons. It is apparent that there was an error in either one of such returns, as the inventory on hand at the end of December and the inventory on hand at the beginning of the next succeeding month should have been the same.

An investigation and audit conducted by the Motor Fuel Tax Division of the Department of Finance indicates that the inventory reported at the beginning of the month of January, 1938, was erroneous, and that such inventory should have been 138 gallons instead of 7,057 gallons. Inasmuch as claimant made payment on the basis of 7,057 gallons, there was an over-payment at the rate of three cents per gallon on 6,919 gallons. A further audit of the account of such distributor indicated an excessive deduction in the amount of 95 gallons over and over and above that allowed for temperature variations. Substracting this excessive deduction from the aforementioned 7,057 gallons, leaves a net amount of overstated gallonage of 6,824, on which payment of motor fuel tax was made at the rate of three cents per gallon, to wit, $202.72, which last amount claimant seeks to recover in this proceeding.

The purpose of the Motor Fuel Tax Law as set forth in Section 17 of the Act (par. 433) is "to impose a tax upon the privilege of operating each motor vehicle upon the public highways of this State, such tax to be based upon the consumption of motor fuel in such motor vehicle," etc.

The tax is a privilege tax imposed upon the privilege of operating motor vehicles upon the public highways of this State; and is based upon the amount of motor fuel consumed in each motor vehicle. The tax is paid, in the last analysis, by the ultimate purchaser (sec. 6, par. 422) but is collected in the first instance by the distributor, who is required to pay over to the State all moneys so collected by it.

The money which is collected by the distributor, and paid by it to the State, is not the proceeds of a tax assessed against such distributor, but of a tax which is ultimately paid by the consumer, but which, in the first instance, is advanced by and collected from the dealer by the distributor, and which

the dealer in turn passes on to the consumer. The collection of the tax is made through the instrumentality of the distributor, who acts as the agent of the State in that behalf. *People* vs. *Kopman,* 358 Ill. 497.

As between the claimant and the respondent, the payment made by the claimant pursuant to the several reports submitted by it, was not the payment of a tax, but was a payment made by an agent to its principal, in fulfillment of certain duties imposed upon it by law.

This case, therefore, is essentially different on the facts, from the cases which involve the voluntary payment of an illegal or excessive tax.

The law with reference to payments made under a mistake of fact is set forth in 21 R. C. L. 164, sec. 191, as follows:

"Where money is paid to another under the influence of a mistake of fact, that is, on the mistaken supposition of the existence of a specific fact which would entitle the other to the money, and the money would not have been paid if it had been known to the payer that the fact was otherwise, it may be recovered. The ground on which the rule rests is that money, paid through misapprehension of facts, in equity and good conscience belongs to the person who paid it. Municipal corporations as well as individuals are subject to this rule. An error of fact is ordinarily said to take place either when some fact which really exists is unknown, or some fact is supposed to exist which really does not exist."

To the same effect see 48 Corpus Juris 759, sec. 318, and annotation in 87 A. L. R. 649; also *Stempel* vs. *Thomas,* 89 Ill. 146; *Wolf* vs. *Beaird,* 123 Ill. 585; *Blomstrom* vs. *Dux,* 175 Ill. 435-439; *Jenson* vs. *Muting,* 256 Ill. App. 514.

The payment made by the claimant in this case clearly was made under a mistake of fact, that is to say, a mistake as to the amount collected by it from the dealers to whom it made sales, and therefore, under the law as above set forth, claimant is entitled to the return of the amount so overpaid by it.

Award is therefore entered in favor of the claimant for the sum of Two Hundred Two Dollars and Seventy-two Cents ($202.72).