FRANK A. KUCERA

*v.*

THE WEST CHICAGO PARK COMMISSIONERS,

and

TRUMAN W. BROPHY *v*. SAME.

*Opinion filed May 14, 1906.*

1. CONSTITUTIONAL LAW—*Park Bond acts of 1905 are not special legislation.* Park Bond acts of 1905 (Laws of 1905, pp. 334, 340,) are not in violation of section 22 of article 4 of the constitution, prohibiting special or local laws regulating county and township affairs, since the park boards to which the general terms of the acts apply may properly be regarded as a class, even though other park boards not within such terms are excluded. (*Pettibone* v. *West Chicago Park Comrs.* 215 Ill. 304, distinguished.)

2. SAME—*bond issue authorized by vote of people is not a taking of property without due process of law.* The Park Bond acts of 1905, authorizing the issue of bonds by park boards in certain cases upon the proposition for such issue receiving a majority of the votes cast by the legal voters of the park district, are not unconstitutional, as authorizing the taking of property without due process of law, in that the bonds must be paid by taxation upon property holders.

3. BONDS—*when bonds are an indebtedness of the park board.* Bonds certified as being issued by the authorities of a town upon the request of its board of park commissioners, the certificate bearing the signature of the president, treasurer, auditor and secretary

·of the park board and the proceeds of the bonds being turned over to the park board for its use as specified in the statutes authorizing the bond issue, constitute an indebtedness of the park board, even though they are nominally promises of the town to pay, where they must be paid out of the fund of the park board.

APPEALS from the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

WILLIAM M. KLEIN, for appellants.

WOOD & OAKLEY, (BENJAMIN F. RICHOLSON, of counsel,) for appellee.

. Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellee being about to place on the market bonds for $2,000,000 issued under and by virtue of an act entitled "An act to enable park commissioners to issue bonds for the completion, improvement and maintenance of public parks and boulevards under their control, and to provide a tax for the payment of the same," approved May 11, 1905, (Laws of 1905, p. 334,) and being also about to issue and sell bonds to the amount of $1,000,000 under and by virtue of the provisions of an act entitled "An act to enable park commissioners to issue bonds to raise funds for the acquisition and improvement of small parks and pleasure grounds, and to provide a tax for the payment of the same," approved May 18, 1905, (Laws of 1905, p. 340,) Frank Kucera, a resident and tax-payer of the West Park district, in Cook county, filed a bill in the superior court of that county for an injunction to restrain appellee from issuing and selling bonds and from levying a tax for the payment of the same under the provisions of the act approved May 11, 1905; and Truman W. Brophy, also a resident and tax-payer of said West Park district, filed his bill in equity in the superior court of said county seeking an injunction against appellee to restrain it from issuing and selling bonds, and from levy-

ing a tax for the payment of the same, under the provisions of the act approved May 18, 1905. A demurrer was interposed to each bill. The demurrer was sustained in each case and the bill dismissed for want of equity. Each of the complainants appealed to this court, and the appeals have been here consolidated.

It is urged that both acts are unconstitutional,—first, because they are in violation of section 22 of article 4 of the constitution of 1870, which prohibits the making of local or special laws regulating county and township affairs; and second, because they are in contravention of section 2 of article 2 of the constitution of 1870, which declares that "no person shall be deprived of life, liberty or property without due process of law."

As to the first objection, appellants rely principally upon the case of *Pettibone* v. *West Chicago Park Comrs.* 215 Ill. 304. The statutes here are materially different, in so far as the constitutional question involved is concerned, from the one which the court there had under consideration. That act, which was approved May 10, 1901, (Hurd's Stat. 1903, p. 1352,) was made to apply to "any town which is now included within the limits of any city in this State, where the boundaries and limits of any such town are co-extensive with the boundaries and limits of any park district in which a board of park commissioners shall now exist." The town of West Chicago lies wholly within the city of Chicago, and its boundaries and limits are co-extensive with the boundaries and limits of the West Park district, that being the district over which appellee exercises power. The act which was before us in the *Pettibone case* could apply to only one town in the State, and it was manifestly the legislative purpose that it should apply to no other. No reason appeared that gave the law-makers constitutional warrant for placing that town in a class by itself. The acts now under consideration specify the boards of public park commissioners to which they apply in general terms, and may apply to boards other

than appellee, and the legislative department might properly regard the boards of public park commissioners to which each act applies as in a class to which the statute could apply without constitutional objection, while other boards of public park commissioners were excluded from the operation thereof. These statutes of 1905 are distinguishable from the act which met the condemnation of the court in the *Pettibone case,* and are not to be regarded as local or special laws.

It is then said that these statutes authorize the taking of property without due process of law, because the bonds provided for, if negotiated, must be paid by the assessment of taxes upon the individual tax-payers, and by the operation of the machinery of the State for the collection of the taxes the tax-payers' property must be taken. Each act provides that bonds shall not be issued except the proposition for their issuance shall be submitted to a vote of the legal voters of the park district and a majority of the votes cast upon such proposition be for the issuance of the bonds. Under these circumstances it is manifest that money raised by taxation for the payment of such bonds is not property taken without due process of law. If it were, the payment of any municipal bonded indebtedness could be successfully resisted on the ground that the law authorizing the levy and collection of taxes to pay it was in violation of the provision of the constitution here invoked.

An additional point is made in the Kucera case, viz.: The act involved in that case does not apply to any board of public park commissioners except such as had a bonded indebtedness at the time of the passage of the act, and it is said that appellee had no bonded indebtedness at the time of the passage of that act.

Under three separate and distinct acts of the legislature the town of West Chicago issued $1,900,000 in bonds prior to the passage of the act approved May 11, 1905, and of such bonds about $900,000 remained outstanding and unpaid from the time of their issuance until the time of the

filing of the bill in the Kucera case. These bonds were issued for park purposes and are payable out of park funds, but it is contended that they are the bonds of the town of West Chicago and not of the park board, and that they, therefore, do not constitute a bonded indebtedness of the park board within the meaning and intent of the act approved May 11, 1905, and for this reason it is said that the act just mentioned does not apply to appellee. The three several acts under which the bonds to the amount of $900,-000, which are still outstanding, were issued, are of the same character. The first was approved June 12, 1891. (Hurd's Stat. 1903, p. 1320.) The second was approved June 21, 1895, (Hurd's Stat. 1903, p. 1334,) and the third was approved June 9, 1897, (Hurd's Stat. 1903, p. 1346,) and each is entitled "An act to authorize the corporate authorities of towns to issue bonds for the completion and improvement of public parks and boulevards and to provide a tax for the payment of the same.". Bonds issued under the provisions of these three acts, when issued, are by the provisions of the acts to be delivered to the board of park commissioners to be sold, and each bond bears a certificate to the effect that it is issued by the corporate authorities of the town upon the request of the board of park commissioners, and such certificate bears the signature of the president, treasurer, auditor and secretary of the board of park commissioners. The money realized from the sale of the bonds passes into the custody of the treasurer of the park commissioners, to be used for the purposes specified in the titles of the acts, and the bonds, principal and interest are payable out of taxes levied for park purposes, and it is the duty of the park commissioners to pay and discharge this bonded indebtedness. It is therefore apparent that while the bonds issued under the three acts last mentioned are nominally promises of the town to pay, yet the fund out of which the bonds are to be paid is the fund of the board of park commissioners. Applying the maxim, "Equity regards the sub-

stance and not the form," it is apparent that the liability which we have been discussing should be regarded as the bonded indebtedness of the board of park commissioners.

An obligation which is primarily payable out of the funds of a certain municipality is an indebtedness of that municipality, even though another municipality may also be liable for the payment of the same debt. *Commissioners* v. *Fullen,* 118 Ind. 158; *Speidell* v. *Johnson,* 128 id. 235; *County of Cass* v. *Johnson,* 95 U. S. 360.

At the April term, 1906, of this court, judgments were entered here affirming the decrees of the superior court brought before us by these appeals. No opinion was then rendered, and this statement of our views, which led to affirmance, is filed pursuant to the oral announcement made at that time.                                   *Decrees affirmed.*