(No. 13581.—Reversed in part and remanded.)

THE PEOPLE *ex rel.* Harry R. Gibbons, County Collector, Appellee, *vs.* M. F. CLARK *et al.* Appellants.

*Opinion filed December 21, 1920—Rehearing denied Feb. 4, 1921.*

1. RES JUDICATA—*decree against representative of class binds the entire class.* Where a *bona fide* bill is filed and litigated by the representative of a class and the subject matter of the suit is common to all, the decree binds the entire class as fully as if all were before the court.

2. TAXES—*when decree in injunction suit binds tax-payers in subsequent proceeding by county collector for judgment.* Where a citizen and a tax-payer brings an action on behalf of himself and other tax-payers against a municipality, every citizen is regarded as a party to the proceedings and is bound by the judgment or decree, and an unreversed decree in a suit brought in good faith by a tax-payer to enjoin the extension of taxes is binding on other tax-payers in a subsequent proceeding by the county collector for judgment and order of sale.

3. SAME—*levy in one item for several purposes embraced in one designation is valid.* The law requiring that when a city tax is levied for several purposes the amount for each purpose shall be stated separately does not preclude levying a gross sum for several different purposes which are properly embraced within the general designation expressed.

4. SAME—*what items in levy for a tuberculosis sanitarium are proper.* Where a levy for a municipal tuberculosis sanitarium contains several specific items covering new buildings, construction work, equipment, etc., an item for the "maintenance and operation" is for but one purpose and is proper, and an item "for infirmary building" is proper where the record shows that the amount appropriated and levied is for a building program which has been approved by the city council.

5. SAME—*when cross-error may be assigned in tax case.* On appeal from a judgment overruling objections in a proceeding for judgment for unpaid taxes the appellee may assign cross-error on the sustaining of an objection to an item of the levy for a municipal tuberculosis sanitarium, as the various amounts itemized for that fund are a part of the same item of tax. (*People* v. *Vogt,* 262 Ill. 170, distinguished.)

6. SAME—*levy may be valid where item is corrected after veto by mayor.* Although an original item in a city tax levy is vetoed

by the mayor because the language used in the first appropriation ordinance was confusing, the levy will be valid after the wording of the item is changed to make the meaning clear, provided the correction is properly made.

7. SAME—*levy for maintaining and improving park is valid under amendatory acts of 1919.* A levy for governing, maintaining and improving a park is valid under the amendatory acts of 1919, passed to obviate the constitutional objections to the acts of 1891, 1895 and 1897, as the amendatory acts do not contain subjects not expressed in the title, and neither the original nor the amendatory acts violate the constitutional provision prohibiting special laws regulating town affairs.

8. SAME—*levy for improvement, maintenance and government of Lincoln Park is proper under act for improvement of park.* Under the act "to fix the boundaries of Lincoln Park, in the city of Chicago, and provide for its improvement," an appropriation and tax levy for the improvement, maintenance and government of the park as provided in section 2 is within the scope of the act, as the matter of maintaining and governing parks is sufficiently connected with the matter of creating and improving them to be included in the one act under a single title.

9. SAME—*reference to statute under which levy is made may be rejected as surplusage.* A certificate of levy need not refer to the statute under which the levy is made, and where by mistake it refers to a statute which has been repealed but there is an existing act authorizing the levy, the county collector, on application for judgment for unpaid taxes, may have the erroneous reference rejected as surplusage, and under section 191 of the Revenue act the certificate may be amended accordingly.

10. SAME—*levy is presumed to be valid if no objection is made.* In a proceeding by the county collector for judgment for unpaid taxes, when objections are made in the trial court and a trial is had upon the points raised by such objections the presumption is that all else pertaining to the levy is admitted to be correct.

11. CONSTITUTIONAL LAW—*when law is general.* An act which is general in its nature and uniform in its operation upon all persons coming within its scope is a general law although it operates in a single place or places where the conditions necessary to its operation exist.

12. SAME—*what may be included within the general title of an act.* Any means which are reasonably adapted to secure the object indicated in the title may be included in the provisions of an act if by any fair intendment they have a necessary or proper connection with the title, and to render a provision in the body of an act void as not embraced in the title such provision must be incongruous with the title or must have no relation thereto.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

WILLIAM M. LAWTON, LANDON & HOLT, ELMER M. LEESMAN, and JOHN W. ELLIS, (WILLIAM F. STRUCK-MANN, of counsel,) for appellants.

MACLAY HOYNE, State's Attorney, and W. W. DEARMOND, (SAMUEL A. ETTELSON, Corporation Counsel, HAYDEN N. BELL, LEON HORNSTEIN, LOUIS J. BEHAN, EMIL C. WETTEN, FRANCIS O'SHAUGHNESSY, ROY O. WEST, and WILLIAM ROTHMANN, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The appellant tax-payers, as defendants in an application by the county collector of Cook county for judgment and order of sale for unpaid taxes for 1919, filed objections to the following items of tax: A supplemental levy made by the board of county commissioners under an amendment to section 61 of the act relating to counties; (Laws of 1919, p. 381;) the total levy of the city of Chicago for street cleaning; its total levy for interest on judgments and a part of its levy for the municipal tuberculosis sanitarium; the total levies for the maintenance of West Park, South Park and Lincoln Park; and the total levies of park maintenance tax for the towns of North Chicago and Lake View. The court overruled all objections except to one item in the municipal tuberculosis sanitarium levy, to which item it sustained the objection. Judgment and order of sale were entered for those taxes to which objections had been overruled, and this appeal followed.

Appellants contend that that part of the Cook county tax extended on account of a supplemental appropriation and levy under authority of the amendment to section 61 of the County act is invalid for the reason that the stat-

ute authorizing the supplemental appropriation and levy was repealed by a second amendment to the same section, which went into effect before the supplemental appropriation bill became effective. The amendment authorizing the supplemental appropriation was approved and became effective June 23, 1919. It provided: "That said board of commissioners may at any time up to and including June 30, 1919, of the fiscal year commencing on the first Monday of December, A. D. 1918, and ending on the Saturday immediately preceding the first Monday of December, A. D. 1919, pass additional and supplemental appropriation bills or resolutions making additional appropriations which may relate back to the commencement of said fiscal year and be additional or supplemental to any item or items in the annual appropriation bill for said fiscal year. Any such additional or supplemental appropriation bills or resolutions shall not take effect until they shall have been once published in a newspaper published in Chicago, and said board of commissioners shall provide for and cause said additional or supplemental appropriation bills or resolutions to be published as aforesaid. Any appropriations contained in said additional or supplemental appropriation bills or resolutions may be included in the general tax levy for the calendar year A. D. 1919, or a subsequent separate tax levy or levies may be made therefor." (Laws of 1919, p. 384.) This legislation was secured by the commissioners of Cook county for the express purpose of increasing the salaries of the county employees. June 27 the county board passed the supplemental appropriation bill covering this increase of salaries. The day following the passage of this supplemental appropriation bill, and before its publication, the legislature again amended section 61 of the County act and omitted the provision above quoted. (Laws of 1919, p. 392.) This amendment went into effect July 1, 1919. The supplemental appropriation bill was published July 5, 1919.

296—4

Appellee contends that the amendment authorizing the supplemental appropriation has not been repealed and that the supplemental levy is valid. We do not deem it necessary to discuss the merits of this objection, because we consider a decree entered in the superior court of Cook county in *Jennings* v. *County of Cook and Robert M. Sweitzer, County Clerk,* as *res judicata* of all questions raised by this objection. December 3, 1919, Ode D. Jennings, a resident and tax-payer of Cook county, filed a bill in the superior court of Cook county on behalf of himself as a tax-payer and all other tax-payers of Cook county, seeking to enjoin the extension of all taxes appropriated and levied under the additional and supplemental appropriation bill on the same grounds, among others, as are alleged by these objectors in these proceedings. He made the county of Cook and Robert M. Sweitzer, county clerk of Cook county, defendants. December 11, 1919, defendants answered this bill, and December 20 the cause was heard and a decree entered dismissing the bill for want of equity. An appeal was prayed and allowed but was never perfected.

Where a citizen and tax-payer brings an action on behalf of himself and other tax-payers against a municipality, every citizen is regarded as a party to the proceedings and is bound by the judgment or decree entered therein. In such cases the people are regarded as the real parties. (15 R. C. L. 1035.) The general principle has been enunciated that in equity, if *bona fide* bills are filed and litigated by representatives of a class and the subject matter of the suit is common to all, the decree binds the entire class as fully as if all were before the court. (24 Am. & Eng. Ency. of Law,—2d ed.—758.) The leading case on this subject is *Harmon* v. *Auditor of Public Accounts,* 123 Ill. 122. The question is fully and ably discussed in that opinion and we do not deem it necessary or expedient to repeat the discussion here. This holding has been approved in *Greenberg* v. *City of Chicago,* 256 Ill. 213, and in *Pear*

v. *City of East St. Louis,* 273 id. 501. Many courts of
last resort have referred with approval to this opinion. The
Supreme Court of Wisconsin, citing this case, says: "There
are many cases where persons do not appear of record by
name and cannot be heard directly in the action yet are
deemed parties by representation and are bound by the
judgment as effectually as those who stand in court to
represent them. In such cases all such parties are deemed
to be in privity with those who actually appear of record.
* * * A person suing as a tax-payer in behalf of him-
self and all persons similarly situated stands for all such
tax-payers, so that a judgment rendered in the action is
binding on every tax-payer in the municipality. * * *
Each tax-payer is considered as a participant in the liti-
gation closed by the judgment, so that he can neither im-
peach the judgment collaterally nor re-litigate any of the
questions decided upon which the judgment was based."
(*State* v. *McDonald,* 108 Wis. 8, 84 N. W. 171.) The
same doctrine was approved in *Stallcupp* v. *City of Ta-
coma,* 13 Wash. 141, 42 Pac. 541. In *City of El Reno* v.
*Cleveland-Trinidad Paving Co.* 25 Okla. 648, 107 Pac. 163,
it was held that a judgment rendered upon a demurrer to
a petition filed by a tax-payer on behalf of himself and
all similarly situated is final and conclusive on the facts
pleaded until reversed on appeal and is a bar to any sub-
sequent action based on the same facts by another tax-payer.
It is not material whether the decree in the Jennings in-
junction suit was erroneous and would have been reversed
on appeal or error. (*People* v. *Chicago, Burlington and
Quincy Railroad Co.* 247 Ill. 340.) That one tax-payer
may proceed in equity to restrain the extension or collec-
tion of the entire tax is settled in this State by the decision
in *Knopf* v. *First Nat. Bank of Chicago,* 173 Ill. 331, where
the question is fully discussed and the authorities support-
ing the holding collected. The proceeding must, of course,
be brought in good faith, (*People* v. *Chicago, Burlington*

*and Quincy Railroad Co. supra,*) but there is nothing in this record to indicate that the Jennings suit was not so brought. The objectors were parties to the suit in the superior court by representation and the decree there is binding upon them. The county court properly overruled the objection to the county tax.

The appropriation ordinance and the tax levy ordinance of the city of Chicago contain the following: "For cleaning of streets, collection and removal of garbage, ashes and miscellaneous refuse, and for the repair of unimproved streets, sidewalks and miscellaneous street work, and for the maintenance and operation of buildings and equipment in connection therewith, $3,510,000." The objection to this appropriation and levy is that it is for more than one purpose without designating separately the amount for each purpose. The item occurs in the list of appropriations for the bureau of streets and is found among several items listed under the sub-head, "Cleaning of streets and alleys, removal of snow, street sweepings, collection and removal of garbage, ashes and miscellaneous waste." Considering this item without reference to its associated items it would appear that the levy was for five or six separate objects and purposes, but when we examine the whole appropriation for the bureau of streets it is clear that this levy is for but one purpose, namely, the removal of waste material from the streets and alleys of Chicago. In order to clean the streets it is necessary to collect and remove garbage, ashes and miscellaneous refuse, and it is quite proper and expedient to use ashes, cinders and other suitable waste materials for repairing unimproved streets and temporary sidewalks. The street cleaning department must, of course, have equipment and buildings in which to store this equipment. The law requiring that when a city tax is levied for several purposes the amount for each purpose shall be stated separately does not require that each particular item for which the tax is levied shall be separately stated.

There is no valid objection to levying a gross sum for several different purposes where the several purposes are properly embraced within some general designation. (*People* v. *Illinois Central Railroad Co.* 271 Ill. 236; *People* v. *Chicago and Alton Railroad Co.* 273 id. 452.) This court has said repeatedly that it is neither necessary nor practicable that each particular purpose for which a tax is levied be specifically stated. The statute must receive a reasonable and common-sense construction. (*People* v. *Jackson*, 272 Ill. 494.) If this appropriation had been made "for cleaning streets and alleys" it would have specified a distinct object and purpose and would have been a legal appropriation. Because the city council went farther and grouped under the general heading many details embraced within the general purpose furnishes no valid ground for holding the tax levy void. The court properly overruled objections to this item of tax.

Under the heading of tuberculosis sanitarium taxes there were appropriated and levied the following amounts:

For 1919 maintenance and operation..................$1,055,000.00
For work under construction 1919....................    93,092.39
For research laboratory.............................   100,000.00
For equipment for laboratories and auditorium.......    15,000.00
For construction of tunnels.........................    30,000.00
For construction of greenhouse......................    10,000.00
For infirmary building..............................   469,096.33

Objections were filed to the first and the last amounts stated on the ground that they were too indefinite and uncertain, the objection to the first amount being, that it levied taxes for more than one purpose without designating the amount required for each purpose separately, and to the last amount that it did not specify any object or purpose for which the city was authorized to make an appropriation or levy. The court overruled the objection to the first amount and sustained the objection to the last amount. Maintenance and operation of the sanitarium is but one purpose, and we think this is a sufficient designation to

comply with the law. (*People* v. *Chicago and Alton Railway Co.* 289 Ill. 282.) Other amounts are appropriated and levied for erecting new buildings, for buying equipment and for making permanent improvements. "Maintenance and operation" must therefore mean the furnishing of sustenance and medical attendance to the patients and otherwise caring for them. Appellee, by cross-error filed by leave of court, contends that the court erred in sustaining the objection to the amount levied "for infirmary building." It is contended that this levy is made for building a new infirmary at the sanitarium, and that an examination of the proceedings of the city council shows that in 1917 the council approved a building program for additional facilities at the sanitarium. While it would have been better to have made this levy "for building new infirmary," we think an examination of the whole record makes it clear that the levy was for that purpose. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 266 Ill. 35.) The court erred in sustaining the objection to this amount. That our review of this question on cross-errors may not appear to conflict with our holding in *People* v. *Vogt,* 262 Ill. 170, we call attention to the fact that these amounts are separate parts of the same item of tax. The rule announced in *People* v. *Vogt, supra,* and re-affirmed in many later decisions, applies and controls only where the items appealed from are entirely independent and distinct from other items.

Appellants filed objections to two separate items of tax appropriated and levied to pay interest on judgments. It is contended that one of these items is a duplicate of the other, and that the tax levy for interest on judgments is therefore double and excessive. An examination of the record shows that there is no merit in this objection, one of the items being for back interest that has accumulated and another of the items being for current interest. It is contended, further, that one of the items is void because it was vetoed by the mayor and was never lawfully recon-

sidered and re-passed. The language used in the first appropriation ordinance was confusing, and the mayor vetoed the item and suggested the change in order to make the meaning clear and the purpose for which the appropriation was made readily understood. The original item read: "Interest on judgments and judgment funding bonds, (to be reimbursed from sinking fund on judgments, $64,554.23,) $495,000," and as corrected it read: "Interest on judgments which are not to be paid from judgment funding bond fund, ($64,554.23 to be reimbursed from sinking fund for judgments now on hand,) $495,000." The correction was properly made and the appropriation and levy were valid. *King* v. *City of Chicago,* 111 Ill. 63; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 266 id. 150.

Appellants object to the levy for governing, maintaining and improving West Park, in the city of Chicago, and assail the tax on the same grounds urged in *People* v. *Chicago, Burlington and Quincy Railroad Co.* 290 Ill. 327. In that case we held that the acts of 1891, 1895 and 1897 were enacted for the special purpose, as expressed in their titles, of authorizing the issue of bonds for the improvement of parks and the levy of a tax to pay the same, and that the provisions contained in said acts for the levy of a tax to maintain and manage the parks were invalid as not being expressed in the titles. To obviate the objections thus pointed out the legislature passed three acts, each entitled, "An act to amend section 1 and the title of an act entitled 'An act to authorize the corporate authorities of towns to issue bonds for the completion and improvement of public parks and boulevards, and to provide a tax for the payment of the same.' " (Laws of 1919, pp. 818, 824, 828.) The question presented here is whether these amendatory acts take the levies now before the court out of the operation of the rule, by force of which similar levies were held invalid in the case last above cited. It is contended, first, that the titles of the amendatory acts contravene sec-

tion 13 of article 4 of the constitution, in that the title embraces more than one subject and that the subject matter of the act is not clearly expressed in the title. This identical question was considered in *People* v. *City of Chicago,* 256 Ill. 558, and the holding there is against the contention of appellants. The second position of the objectors relative to the validity of this levy is, that the original act and the act as amended are void because they violate section 22 of article 4 of the constitution, which prohibits special laws regulating town affairs. The three acts here attacked were considered by this court in *Kucera* v. *West Chicago Park Comrs.* 221 Ill. 488, and it was there said: "The acts now under consideration specify the boards of public park commissioners to which they apply in general terms, and may apply to boards other than appellee, and the legislative department might properly regard the boards of public park commissioners to which each act applies as in ,a class to which the statute could apply without constitutional objection, while other boards of public park commissioners were excluded from the operation thereof." An act which is general in its nature and uniform in its operation upon all persons coming within its scope is a general law. A law is general, not because it embraces all of the governed but because it may embrace all when they are similarly situated and come within its provisions. We have held so repeatedly that a law may be general and yet be operative in a single place or places where the conditions necessary to its operation exist, that further discussion of the question would seem to be unnecessary. (*People* v. *Kaelber,* 253 Ill. 552; *Martens* v. *Brady,* 264 id. 178; *Perkins* v. *Commissioners of Cook County,* 271 id. 449.) What we have said disposes of the objections filed to the South Park tax. The court properly overruled these objections.

Appellants object to the appropriation and levy for the improvement, maintenance and government of Lincoln Park on the ground that the tax so levied is for purposes not

within the scope of the title of the act under which the levy was made. The act is entitled, "An act to fix the boundaries of Lincoln Park, in the city of Chicago, and provide for its improvement." This park was created by a special act in 1869, and the validity of the act has been recognized by this court either directly or incidentally in numerous decisions. This park has been maintained and governed at public expense for fifty-one years, and the right of the authorities to levy and collect a tax for this purpose does not seem to have been challenged heretofore. Under authority of *Richter* v. *Burdock,* 257 Ill. 410, we might properly hold that the question of the constitutionality of this act is no longer open to discussion and refuse to consider it. We are convinced, however, that there is no merit to the contentions of appellants, and we hold that the court properly overruled the objection.

Appellants rely on *People* v. *Chicago, Burlington and Quincy Railroad Co.* 290 Ill. 327, but that case is not in any sense controlling. In enacting the statutes there under consideration the legislature by the titles restricted the statutes to the single purpose of raising funds to pay bonds and interest thereon, and under such restricted titles no provision could be made for levying a tax for the purpose of maintaining and governing the parks. We held in that case that the matter of maintaining and governing parks was sufficiently connected with the matter of creating and improving them to have been included in one act under a single title, and that if the title were broad enough to cover all these purposes it would be valid. "If the title of an act fairly indicates the general subject and reasonably covers all the provisions of the act and is not calculated to mislead the legislature or the people, it is a sufficient compliance with the constitutional requirement. The generality or comprehensiveness of the title is no objection, provided the title is not misleading or deceptive and fairly directs the mind to the subject legislated upon. It is not required

that the title should be either an abstract, a synopsis or an index of the contents of the act. If such were the case the title would have to be as comprehensive as the act itself, and that is not the object of the constitution. In determining whether a provision is embraced within the title of an act a liberal construction is to be given to the constitution, and unless the act contains matters having no proper connection or relation to the title it will not be void as to such matters. The constitution is obeyed if all the provisions relate to one subject indicated in the title and are parts of it or incident to it or reasonably connected with it." *People* v. *McBride,* 234 Ill. 146.

The provision of section 13 of article 4 of the constitution which reads, "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title," has been uniformly construed liberally in favor of the validity of enactments. When a general purpose is declared, the means by which to accomplish that purpose are presumed to be intended as necessary incidents. Any means which are reasonably adapted to secure the object indicated in the title may be included in the act. If by any fair intendment the provisions in the body of the act have a necessary or proper connection with the title it is not objectionable. To render a provision in the body of an act void as not embraced in the title, such provision must be incongruous with the title or must have no proper connection with or relation to the title. If all the provisions of an act relate to one subject indicated in the title, and are parts of it or incident to it or reasonably connected with it or in some reasonable sense auxiliary to the object in view, then the provision of the constitution is obeyed. An act may contain many provisions and details for the accomplishment of a legislative purpose, and if they legitimately tend to effectuate that object the act is not contrary to the constitutional provision. (*People* v. *Huff,* 249 Ill. 164.) The word "subject," as used in the constitution,

signifies the matter or thing forming the groundwork. It may contain many parts which grow out of it and are germane to it, and which, if traced back, will lead the mind to it as the generic head. Any matter or thing which may reasonably be said to be subservient to the general subject or purpose will be germane and may be properly included in the law. (*People* v. *Sargent*, 254 Ill. 514.) Provisions, however diverse, which tend to make effectual the purpose of the act as expressed in the title may be included in the act though not expressed in the title. (*Mitchell* v. *Lowden*, 288 Ill. 327.) Section 2 of the act under consideration authorizes the commissioners of Lincoln Park to estimate the amount of money required "for the improvement, maintenance and government of Lincoln Park during the next succeeding year," and then provides the means for levying taxes to cover this estimate. We think these provisions in the body of the act have a necessary and proper connection with the title. It is ridiculous to assume, for instance, that improvement of a park means to sow grass, plant flowers and set out shrubbery and trees and then let them grow or die without further attention. Improvement of a park necessarily includes watering and mowing the grass, watering and cultivating the flowers and cultivating and trimming the shrubbery and trees. To do these things it is necessary to have officers and employees to supervise and do the work. The title of this act reasonably covers all the provisions of the act and could not have misled the legislature or the people, and any reasonable-minded tax-payer willing to assume his just proportion of the burden of maintaining public parks for the pleasure and improvement of the people would have no difficulty in understanding that "improvement" of a park would include provisions for maintaining and governing the park.

The certificates of levy for the town of North Chicago and Lake View contained this item: "By virtue of authority conferred upon the undersigned supervisor and clerk

* * * by an act entitled, 'An act authorizing townships to issue bonds for park purposes and providing for the payment thereof, approved and in force March 2, 1907, we hereby levy as a tax upon all the taxable property in the town of North Chicago (Lake View) for the year 1919 the following sum of money." The objection filed to each of these levies reads: "In the town of North Chicago and in the town of Lake View the town tax as extended calls for a levy of $100,000 for maintenance of small parks under the act approved March 2, 1907. This act had been repealed and the rate of .3878 on each $100 assessed valuation in the town of North Chicago extended on account of this item is unauthorized and void, and the rate of .03 extended on account thereof in the town of Lake View is unauthorized and void." On motion of appellee the levies were amended by striking out the words "March 2, 1907." Appellants contend that this amendment was not authorized and that it amounts to a new levy. This contention cannot be sustained. In making the levy it was not necessary for the town authorities to refer to any particular statute, and the reference to the act of March 2, 1907, might well be rejected as surplusage. The levy of a tax is valid if it complies with an existing statute, even though it does not refer to the statute under which the levy is made. The levy of a tax requires two distinct acts of legislation: First, that by the State giving the power to tax; and second, that by the local authorities levying the tax under the power so given. At the time this levy was made there was in effect an act authorizing townships to acquire and maintain lands for park purposes, (Laws of 1915, p. 724,) and the levy was valid under this act. The court was clearly authorized to permit the amendment of the certificate by section 191 of the Revenue act. (*Chicago and Northwestern Railway Co.* v. *People,* 183 Ill. 247; *People* v. *New York Central Railroad Co.* 270 id. 636.) The objection of appellants rested solely upon the ground that the town lev-

ies were under the repealed act of March 2, 1907, and the court having properly disposed of that objection nothing further remains to be considered. When objections are made in the trial court and a trial is had upon the points raised by such objections, the presumption is that all else is admitted to be correct and free from objection. *Indiana, Decatur and Western Railway Co.* v. *People,* 201 Ill. 351.

We have considered all the errors assigned and argued by appellants. The judgment of the county court of Cook county is affirmed in all respects where it overruled the objections filed, and is reversed with respect to the item "for infirmary building" in the levy for the municipal tuberculosis sanitarium. The cause is remanded for further proceedings consistent with the views herein expressed.

*Reversed in part and remanded.*