(No. 27905.—

THE PEOPLE *ex rel.* The County Collector of Whiteside County, Appellant, *vs.* CLAUDE A. ROTH, Trustee of the Chicago and North Western Railway Company, Appellee.

*Opinion filed May 16, 1944.*

L. L. Winn, State's Attorney, Robert W. Besse, City Attorney, and Sheldon & Brown, all of Sterling, for appellant.

Ramsay, Bull & Yost, of Morrison, and Nelson Trottman, (Nelson J. Wilcox, of counsel,) both of Chicago, for appellee.

Mr. Justice Fulton delivered the opinion of the court:

The county collector of Whiteside county applied to the county court of that county for judgment for the delinquent taxes paid under protest by the appellee, Claude A. Roth, Trustee of the property of the Chicago and North Western Railway Company on an item levied for the purpose of collecting garbage. The precise question litigated is whether the court properly sustained an objection to the levy of the city of Sterling of $12,500 "for Garbage Collection, payable out of the special Garbage tax."

The objections assert that the item is vague, indefinite and uncertain, and for more than one purpose, in violation of the taxpayer's right to have separately stated the purpose and amount for which the levy is made. The objections of the railway company were sustained and the plaintiff was denied judgment.

On the trial it was stipulated by the parties that the objector had paid the amount of the tax in full under protest, and also that if the ex-mayor of Sterling were permitted to testify, he would state over the objection of ap-

pellant that the item above quoted included expenditures proposed to be made in connection with the garbage disposal, such as gasoline for trucks, truck maintenance and repairs, purchase of new trucks and wages of men collecting garbage. The appellant objected to such testimony on the ground that the tax levy ordinance speaks for itself and cannot be explained, enlarged or changed by oral proof. The court overruled the objection and admitted the said testimony in evidence on the trial.

We believe the court erred in the admission of such testimony. The two cases cited by appellee in support of his contention can be readily distinguished. In *People ex rel. Lee* v. *Chicago, Indiana and Southern Railroad Co.* 248 Ill. 126, parol testimony was offered only to show that the levy for the item "salary of the officers" was greater than it should be, and in the case of *People ex rel. Ryan* v. *Chicago and Alton Railroad Co.* 273 Ill. 452, an objection was made to the item "for the payment of fees and salaries and clerk hire of the various county officers." Oral testimony was taken to show what the total amount of fees, salaries and clerk hire actually amounted to. This court held there was no attempt to change the record, but oral testimony was properly admitted to show the amount of the excess levy which was illegal. There was no attempt in those cases to show that the levy was for another and different purpose than that expressed in the levy, or to change or vary the record by parol proof. The decisions of this court have definitely held that where the law requires public records of proceedings to be kept, such records cannot be contradicted, added to nor supplemented by parol evidence. (*City of Belleville* v. *Miller,* 257 Ill. 244.) The statute provides for the levy and collection of taxes by means of a tax levy ordinance. (Ill. Rev. Stat. 1943, chap. 24, par. 16-1.) The city of Sterling duly passed its tax levy ordinance on August 15, 1941. This ordinance was not subject to variation by oral testimony and the evi-

dence supplied by the former mayor of Sterling should not have been considered.

It was further contended by the appellee in the trial court that the language used in the levy is "vague, indefinite and uncertain" in that it lends itself to a construction that includes both operating expenses and the purchase of equipment. With the parol evidence of the ex-mayor stricken, the question arises over the construction of the item contained in the tax levy, to-wit: "the sum of $12,500 for Garbage Collection, payable out of the special Garbage tax." It is insisted by appellee that the question here has already been disposed of by this court's opinion in *People ex rel. Toman* v. *New York Central Lines*, 380 Ill. 581. In that case there was included in the tax levy ordinance of the village of Posen in Cook county, the following item, "For amount to secure proper equipment for the purpose of collection, removal and disposition of garbage, $600." In answer to the objection that the appropriation was unauthorized, this court said, "Buying equipment for collection or disposal of garbage is a necessary element of such purpose, [establishing and maintaining garbage systems or plants] and is an integral part of the system, whether there be a plant for garbage disposal or not." In that case the levy was made for the sole purpose of securing equipment for removal of garbage but in no sense does that opinion state that other necessary elements could not be an integral part of the system and become the basis for a proper tax levy. The levy in the instant case was limited to the purpose of "collection of garbage," which we consider a very necessary element in the establishment and maintenance of a garbage system or plant and it does not include in its terms the purchase of equipment.

Similar appropriations and tax levy items have been approved. In *People ex rel. Gibbons* v. *Clark*, 296 Ill. 46, an appropriation item for "cleaning of streets and alleys, removal of snow, street sweepings, collection and removal

of garbage, ashes and miscellaneous waste," was held to be valid as a grouping of many details under a general heading and embraced within the general purpose. In *People ex rel. Harper* v. *Irvin,* 325 Ill. 497, an item in the tax levy ordinance for "street and alley improvements and maintenance, $1,000," was objected to as being void because not split up into different items. The opinion stated the following rule: "It is not necessary in these ordinances to give in detail each particular object for which the tax is to be expended. It is sufficient that the ordinances specify the object and purpose of the appropriation and the amount appropriated for such purpose. These ordinances are sufficiently specific to meet the requirements of the statute."

In *People ex rel. Toman* v. *Sage,* 375 Ill. 411, cited by appellee, the appropriation very clearly contained expenditures to be consumed for hire of equipment during the current year and also for the purchase of waste collection equipment, which was held to be violative of the statutory requirement of itemization for a single purpose. In distinguishing that case from *People* v. *Clark,* 296 Ill. 46, the court said that in the *Clark case* the expenditure of money for a capital equipment account was not included. We feel sure the same reasoning applies to the item in question here.

Appellee contends that entirely outside the question of itemization there is no statutory authority whatever for the additional levy in the present case; that the permission to make such levy in addition to the regular corporate rate is declared to be for the "purpose of establishing and maintaining garbage systems or plants for the collection and disposal of garbage" and, therefore, "garbage collection" would not include the one specific purpose for which the statute permits an additional levy to be made. To adopt such a narrow construction of the statute in our judgment is a strained and superfine objection which has not been

encouraged by the courts. *People ex rel. Frick* v. *Chicago and Eastern Illinois Railway Co.* 361 Ill. 470.

The judgment of the county court of Whiteside county is reversed and the case remanded with directions to overrule appellee's objections and to enter judgment in favor of the county collector.

*Reversed and remanded, with directions.*