(No. 28243.—

THE PEOPLE *ex rel.* Lloyd Oller, County Collector, Appellee, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed November 22, 1944.*

DEWEY & CUMMINS, of Cairo, for appellant.

M. J. O'SHEA, State's Attorney, PEYTON BERBLING, and D. B. REID, all of Cairo, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, The New York Central Railroad Company, having previously paid its taxes in full, under protest, filed objections in the county court of Alexander county to an application of the county collector for a judgment against and an order for the sale of its property for

the nonpayment of certain taxes for the year 1942 levied by the county, the city of Cairo, the North Cairo Fire Protection District, the Cairo Mosquito Abatement District and School District No. 1. From the portion of the judgment overruling its objections, defendant appeals.

The first objection charges that the county clerk extended a rate of twenty cents on each one hundred dollars assessed valuation for general county purposes, and that the levy constitutes a lump-sum levy of $35,000 for all county purposes, in violation of section 156 of the Revenue Act requiring the amount levied for each purpose to be stated separately. (Ill. Rev. Stat. 1941, chap. 120, par. 637.) In lieu of a report of the proceedings upon the trial, the record contains a stipulation of facts. No other evidence with respect to the objection to the county corporate tax appears in the record. The stipulated facts merely recite a levy for county taxes for all purposes for the year 1942, including $35,000 for corporate purposes, the rate being twenty cents. The appropriation ordinance for general corporate purposes, according to the stipulation, appropriates a total of $42,300, designating the amount appropriated for each object and purpose. Neither the appropriation nor the levy ordinance of the county is in the record. Not even the relevant portion of the levy ordinance is included. As recounted, the only reference to the levy ordinance is the statement from the stipulation referring to the appropriation ordinance. Defendant, by the stipulation, concedes that the appropriation ordinance specifies the amount appropriated for each object and purpose. For the reason that the levy ordinance is not before us, the presumption obtains, so far as the first objection is concerned, that the judgment of the county court is correct.

A duty rests upon a party prosecuting an appeal to this court not only to furnish an adequate abstract, conformably to Rule No. 38, (Ill. Rev. Stat. 1943, chap. 110, par. 259.38,) but to include in the record the evidence

essential to the disposition of the contentions urged. Conversely, it is not the duty of the successful party to supply deficiencies in the record. Here, it may be observed, an additional abstract could serve no useful purpose, for the reason that nothing remains in the record to be abstracted.

As a first alternative objection, defendant assails four items in the appropriation ordinance. The only evidence before us is the stipulation that the challenged items appear in the appropriation ordinance for the county general tax, as set forth. The record does not contain the levy ordinance nor the part of it relating to these items. Upon the record made, we cannot say that the objection to the four items was improperly overruled.

A rate of twenty-four cents was extended to produce $42,000 for county relief. The objection to this tax is that the appropriation made for county pauper relief tax is for $25,000, while the tax levy calls for a rate not to exceed thirty cents, so as to realize $42,000. An additional complaint against this tax is that neither the appropriation ordinance nor the tax levy ordinance is sufficiently definite and itemized, and, hence, said ordinances do not comply with the requirements of section 156 of the Revenue Act. Defendant has not presented this contention in its brief but does make an argument to support the alleged error of the county court in refusing to sustain the objection to taxes for the county relief fund. Although the appropriation and levy ordinances are not in the record, the pertinent portions of the two ordinances are set forth *verbatim*. The objection is thus before us for consideration and disposition. The appropriation ordinance reads: "For the purpose of providing for the care of paupers and for the relief of all poor and indigent persons residing in the County of Alexander and State of Illinois, payable from State aid—$50,000." The tax levy ordinance directs the county clerk to extend a rate not to exceed thirty cents "for the purpose of paying for the relief of paupers

and the care of the same in said county so as to realize the sum of $42,000.00 as shown under 'A,' statement of anticipated receipts, same being appropriated as shown in said appropriation bill." The provisions of the ordinance assailed are not vulnerable to defendant's objection. The obligation to relieve and support all poor and indigent persons who are lawful residents is imposed upon the county of Alexander by section 14 of "An act to revise the law in relation to paupers." (Ill. Rev. Stat. 1941, chap. 107, par. 14.) A single appropriate general purpose is sufficient to include every expenditure although there may be many items. In short, there is no valid objection to levying a single sum for several purposes which are embraced within some general designation giving the necessary information to the taxpayer. (*People ex rel. Reynolds* v. *Chicago, Burlington and Quincy Railroad Co.* 306 Ill. 529.) The purpose of requiring itemization is to afford taxpayers information with respect to a particular appropriation and the levy of the tax. (*People ex rel. Nash* v. *Chicago and Northwestern Railway Co.* 359 Ill. 435; *Siegel* v. *City of Belleville,* 349 Ill. 240.) Itemization requirements must be accorded a common-sense construction. (*People ex rel. Toman* v. *Estate of Otis,* 376 Ill. 112.) The object of the appropriation for county relief is obvious, and the taxpayer is afforded the degree of information prescribed by law. The item specifies a single purpose, namely, the relief of the poor and indigent, with adequate certainty to enlighten the taxpayer of the purpose for which the money is to be expended. Defendant has argued, further, that the item is also subject to objection because the appropriation of $50,000 is "payable from State aid," thereby disclosing the funds for this purpose are provided by the State and not by the county. This objection was not made in the county court and, therefore, cannot be urged here.

Another objection relates to the county highway tax. By its objection, defendant alleged that the county clerk extended a rate of ten cents to produce $16,000 for county highway purposes, the appropriation ordinance including an item "For general highway purposes, maintaining of roads, and bridges, purchase of machinery, repairs of machinery, and construction of roads, $9,000." Although the stipulated facts disclose the item attacked in the appropriation ordinance there is not even a suggestion that the same item was incorporated in the levy ordinance. No proof having been made, we cannot speculate upon the provisions of the levy ordinance and render a decision predicated upon sheer speculation.

Defendant's objection to the general corporate tax of the city of Cairo alleges that the certified copy of the tax levy ordinance calls for $60,000 for general corporate purposes and that the entire amount of taxes extended at the rate of 67 cents constitutes a lump-sum levy. This objection cannot be considered since the record does not contain either the appropriation or the levy ordinance upon which the objection is based. Indeed, the stipulation is completely silent as to this objection. As an alternative objection to the general corporate tax, defendant assails ten items of the city's appropriation ordinance "upon which said tax levy is based." The relevant portion of the appropriation ordinance describing these items appears in the stipulation but the tax levy ordinance is not set forth, rendering disposition of the objections to these ten items impossible upon the record presented for review.

Another alternative objection was made to four special taxes alleged to have been levied by the city for parks, library, garbage, and fire protection. We accord defendant the benefit of the doubt of the stipulation relative to these special taxes "levied by the city of Cairo for the several amounts and purposes hereinafter shown" by as-

suming that the quoted items are taken from the levy ordinance. Of these, the first is $3000 "For public parks and parkways and maintenance thereof." The objection to this item is that the levy was not made in accordance with section 16-1 of the Cities and Villages Act, (Ill. Rev. Stat. 1941, chap. 24, par. 16-1,) which controls the manner of levying and collecting taxes for park purposes under section 1 of "An act to authorize certain cities and villages to establish and maintain public parks by taxation and to lease the same to county fairs." (Ill. Rev. Stat. 1941, chap. 105, par. 300.) Defendant attacks this and the other three items in the levy ordinance for special taxes as indefinite, uncertain and vague, and upon the ground they state more than one purpose without designating the amount of each purpose separately. Sections 52-1 and 52-4 of the Cities and Villages Act (Ill. Rev. Stat. 1941, chap. 24, pars. 52-1 and 52-4,) authorize cities having a population of less than 50,000 to purchase, establish, and maintain public parks and to levy a tax not to exceed two mills on the dollar annually. Section 52-1 provides, "This tax shall be levied and collected in the manner provided by law for the levy and collection of other municipal taxes in the municipality." The levy for parks and parkways and maintenance states a single general purpose, namely, maintenance, giving the requisite information to the taxpayer, and it is not necessary to state each particular purpose for which the tax was levied. (*People ex rel. Lindheimer* v. *Hamilton,* 373 Ill. 124.) This is particularly true where, as here, the difficulty of determining, in advance, the precise amount of the several items suggests itself. (*People ex rel. Toman* v. *Estate of Otis,* 376 Ill. 112.) The purpose of a second special tax is described, "For maintenance of public library and reading rooms to be known as the library fund, $10,000." This tax was levied pursuant to section 1 of the applicable statute (Ill. Rev. Stat. 1941, chap. 81, par. 1,) providing for its levy

and collection "in like manner with the general taxes of said city, and to be known as a library fund." The itemization is sufficient. *People ex rel. Toman* v. *Crane,* 372 Ill. 228, relied upon by defendant, does not aid it, since, in the authority invoked, a tax for building purposes was included. The third special item of $5000 is "For maintenance and operation of garbage incinerator or reduction plant and collection of garbage." Defendant insists that the "maintenance and operation of an incinerator or reduction plant" is separate and distinct from the "collection of garbage" and, consequently, that the amount levied for each purpose is not shown. This court has held unobjectionable an item for "Cleaning of streets and alleys, removal of snow, street sweepings, collection and removal of garbage, ashes and miscellaneous waste." (*People ex rel. Gibbons* v. *Clark,* 296 Ill. 46.) A single general purpose is stated, and we deem it sufficient to include appropriate expenditures, even though there be several items. (*People ex rel. County Collector of Whiteside County* v. *Roth,* 387 Ill. 62.) The fourth special tax of $15,000 is "For the purposes of fire protection in the City of Cairo." This item states a single general purpose, and we are unable to perceive any vice in its statement.

Defendant directs another objection to two items in the levy ordinance of the North Cairo Fire Protection District, the first item providing $2500 "For the purchase of equipment, fire fighting apparatus and materials for the control and prevention of fire within the District," and the second, $500 for "Contingent expenses." The pertinent provision of the tax levy ordinance is set forth in the stipulated facts. The objection directed against the first item is that it is for more than one purpose without stating the amount of each purpose separately. The objection to the second item is that it is excessive. Upon the authority of *People ex rel. Toman* v. *Mercil & Sons Plating Co.* 378 Ill. 142, the first item is sufficiently item-

ized and conveys to the taxpayer adequate information of the purpose for which the money levied is to be spent. In the case cited, we sustained a levy for "Material and supplies for general operation, for apparatus repairs and for repairs and replacement of tool equipment." A taxpayer of ordinary intelligence would readily understand that the purpose of this levy is the purchase of equipment, fire-fighting apparatus and materials to control and prevent fires. In short, the manifest purpose is the operation of a fire department. Equipment, apparatus and material fall within the same general classification. Furthermore, the law does not require itemization in tax-levy ordinances of fire protection districts. (Ill. Rev. Stat. 1941, chap. 127½, pars. 31, 34.) With respect to the item of $500 for "Contingent expenses," the amount of such levies must obviously rest in the sound discretion of the taxing body. (*People ex rel. Ross* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 381 Ill. 58; *People ex rel. Frick* v. *Chicago and Eastern Illinois Railway Co.* 361 Ill. 470.) It may well be that the contingent expenses of a fire protection district will be larger than like expenses incurred by other taxing units. *De minimis non curat lex.*

Defendant objected to the levy of $1400 by the Cairo Mosquito Abatement District "For the purchase and maintenance of operating material and equipment" and $400 "For special expenses and maintenance." These items are free from the complaint that they are for more than one purpose without designating the amount of each purpose separately. The purposes are described with an adequate degree of particularity. A concession that taxes for these two items are levied for several purposes does not aid defendant, since the objects are embraced within a general designation affording the necessary information to the taxpayer. *People ex rel. Schaefer* v. *New York, Chicago and St. Louis Railroad Co.* 353 Ill. 518; *People ex rel. Reynolds* v. *Chicago, Burlington and Quincy Railroad Co.*

306 Ill. 529; *People ex rel. Burton* v. *Illinois Central Railroad Co.* 271 Ill. 236.

The final objection pertains to the taxes levied by School District No. 1. The gist of the objection to the building-tax levy is that the district was authorized to extend a maximum rate of twelve and one-half cents for building purposes and, accordingly, that the rate of thirty-five cents exceeds the statutory limit by twenty-two and one-half cents. For the year 1942, the school district extended a rate of forty cents for refunding bond purposes to produce an amount levied to pay refunding bonds issued on December 1, 1933. The legality of the bonds is conceded. Defendant contends that, since the tax levy for bond purposes of forty cents exceeded the rate of thirty-seven and one-half cents, the maximum rate authorized for building purposes, (Ill. Rev. Stat. 1941, chap. 122, par. 212,) the only rate the school district could levy for building purposes was twelve and one-half cents.

*People ex rel. Oller* v. *Missouri Pacific Railroad Co. ante,* p. 271, decided this day, holds that the same objection interposed by another railroad company, a taxpayer of Alexander county, to the levy of School District No. 1 for building purposes was properly overruled. We are constrained to observe that, as in the *Missouri Pacific case,* the parties did not apprise us of the fact that the Refunding Bond Act of May 6, 1935, repealed in 1941, was immediately re-enacted as a part of the School Law by an act approved August 15, 1941. The issue presented for our decision here is precisely the same as the issue presented and decided in the *Missouri Pacific case,* against the taxpayer, and it is decisive of the objection to the taxes levied by School District No. 1 in the present case.

The judgment of the county court is affirmed.

*Judgment affirmed.*