(No. 31939.

THE PEOPLE *ex rel.* Louis E. Nelson, County Collector, Appellee, *vs.* W. ROSWELL SWANSON, Appellant.

*Opinion filed May 24, 1951.*

MacLeish, Spray, Price & Underwood, and George P. Foster, both of Chicago, (Robert S. Cushman, and John J. O'Brien, Jr., of counsel,) for appellant.

John S. Boyle, State's·Attorney, and John J. Mortimer, Corporation Counsel, both of ·Chicago, (Robert J. Nolan, of counsel,) for appellee.

Mr. Justice Fulton delivered the opinion of the court:

This is an appeal by W. Roswell Swanson from an order of the county court of Cook County overruling his objections filed to the 1947 tax levy of the city of Chicago. The revenue being involved, the appeal is taken directly to this court.

W. Roswell Swanson, who will hereinafter be referred to as the objector, filed his objections to the 1947 taxes of the city of Chicago. Only three of the objections are involved in this appeal. He objected to the corporate fund taxes for 1947 produced by the appropriation made for disposal of ashes and refuse. He further objected to the 1947 taxes for principal and interest on judgment funding bonds of 1945. Likewise he objected to the 1947 judgment tax fund levy.

His first objection charges that the corporate fund appropriation, "63-S-40 For Disposal of Ashes and Refuse $640,000," is not itemized as required by statute and the

1947 taxes produced thereby are illegal and void. A review of the record indicates that the appropriation for disposal of ashes and refuse is included in the city's 1947 appropriation under the heading "Bureau of Streets" and subheading "Refuse Disposal Division." The appropriation is itemized into 15 items making a total sum of $820,396. The item which he objects to is "for disposal of ashes and refuse $640,000." The other 14 items included in the appropriation consist of items for salaries and wages, materials and supplies, fuel, electric current, compensation for use of personally owned automobile of manager of property, for hire of trucks and other rolling equipment, telephone service and other expense. It will be seen that these other items total $180,396. The objector contends that this appropriation is vague, indefinite and not itemized as required by section 22-1 of the Cities and Villages Act (Ill. Rev. Stat. 1945, chap. 24, par. 22-1.) This section requires that the city's annual appropriation ordinance "shall specify the objects and purposes for which appropriations are made and the amount appropriated for each object and purpose." The objector contends that it would have been easy for the city to have listed the items of expense falling within the budget classification for disposal of ashes and refuse. He contends that taxpayers cannot know what the city proposes to do with the large sum of $640,000.

In support of this contention the objector has cited the case of *People ex rel. Wangelin* v. *Pitcairn*, 371 Ill. 616. This was a case where an appropriation "for drainage ways—work supported by government aid" was held unitemized. In that case we stated, "The challenged item gives the taxpayer no information as to whether the levy is to construct new drainage ways, to acquire right-of-way therefor, to widen or deepen existing channels, to maintain existing drainage ways, or to accomplish some other purpose." We further stated, "The vice of the item in

controversy is its failure to even specify one general purpose with sufficient certainty to disclose to the taxpayer the purpose for which the money is to be expended."

The city contends that the itemization contained in the appropriation constitutes complete compliance with the requirements of the statute. In support of its contention it cites the case of *People ex rel. Schlaeger* v. *Reilly Tar & Chemical Corp.* 389 Ill. 434. In that case we considered an appropriation to hire teams, carts, motor trucks, tractors, trailers, and the like. The objector contended that he could not ascertain from the appropriation what portion of the money will be expended for trucks, tractors or any of the other items. We held that the city itself could not, at the time of the passage of the ordinance, know how many trucks, trailers or other items would be required and that the objection was properly overruled.

The city further contends that the taxpayer is protected in the disbursement of this appropriation by the fact that this appropriation is designated by the letter "S" and that the record shows such designation refers to temporary unclassified items which must be accounted for under standard accounts as expended and that the taxpayer could tell where every dollar went by merely referring to the manual prepared by the comptroller of the city of Chicago. The city cites in support thereof the case of *People ex rel. Schlaeger* v. *Bunge Brothers Coal Co.* 392 Ill. 153. In that case we had before us an appropriation for the expense of issuance and redemption of tax warrants and bonds. This appropriation was designated with the letter "S" and in that case we held that the taxpayer had received ample protection with reference to the disposition of the funds appropriated.

The right of a taxpayer to have stated separately the purposes for which public money is appropriated is definitely established. It is equally well settled, however, that it is not necessary to specify each particular item of ex-

pense for which the levy is made. (*People ex rel. Schaefer v. New York, Chicago and St. Louis Railroad Co.* 353 Ill. 518.) We believe the statute involved in this case should have a practical application and we do not feel that the city should be required to itemize its appropriation to a point burdensome upon the city. In *People ex rel. County Collector v. Roth,* 387 Ill. 62, an appropriation for "Garbage Collection" was considered sufficiently itemized. Likewise, in the case of *People ex rel. Oller v. New York Central Railroad Co.* 388 Ill. 382, an appropriation "For maintenance and operation of garbage incinerator or reduction plant and collection of garbage" was held to be sufficiently itemized. We, therefore, believe that in the case at bar the objection made to the item for disposal of ashes and refuse was properly overruled.

The next objection to be considered is the objection to the 1947 tax levy for principal and interest on judgment funding bonds of 1945. In 1945 an appropriation ordinance was adopted by the city wherein it appropriated $4,039,315.64 of corporate fund assets to pay "judgments and interest on judgments." In addition thereto the city appropriated $1,250,000 and levied the same amount of judgment tax fund taxes in 1945 for judgment liabilities. On February 27, 1945, just 29 days after the 1945 tax levy was adopted, the city council by ordinance authorized the issuance and sale of judgment funding bonds of 1945 in the total amount of $3,940,000. Included among the judgments funded by this bond issue were the same judgments, the payment of which had already been provided for in the 1945 appropriation ordinance. The ordinance authorizing this bond issue also levied a tax for the years 1945 through 1948, inclusive, to pay the principal and interest thereon. The amount of the levy for the year 1947 was $1,039,400. No abatements were made in the 1945, 1946, or 1947 tax levies for principal and interest on the judgment funding bonds of 1945 on account of

revenue realized from the 1945 corporate fund appropriation to pay the same judgment liabilities.

The objector contends that it appears from the record that collections of corporate fund taxes in each of the years 1945 and 1946, after deduction of tax warrants and taxes thereon, were more than sufficient to meet the 1947 requirements for judgment funding bonds of 1945 and interest thereon. The objector contends that no 1947 levy for these bonds would have been necessary had these assets been applied in payment of the bond liability. In other words, the objector is contending that the court should void the tax levy for these bonds because they should have been paid from other funds. The validity of this contention depends upon the argument that the city should be required to appropriate and take from the surplus as of January 1, 1947, the amount of money which it received from the 1945 levy for the payment of judgments. Unfortunately at the end of 1945 the appropriation for payment of judgments lapsed. We held, in the case of *People ex rel. Schlaeger* v. *Jourdan Packing Co.* 389 Ill. 163, that lapsed appropriations wash out at the end of each year. In that case we stated, "The unexpended appropriations are regarded as assets and must be so treated in the budget for the next succeeding year. Consequently, the taxpayer is given full credit for all unexpended appropriations." There has been no showing in this case that the proceeds of the appropriation for the payment of judgments in the 1945 levy were not available in 1946 or in 1947. On the contrary it appears that the surplus of the city of Chicago has increased. It appears that what has been accomplished by the city authorities in this case has been the increase in the amount of money they could expend by diverting the money appropriated for payment of judgments to other purposes.

While it appears in this case that the city authorities have no doubt been using a method of financing designed

to enable them to circumvent the corporate fund tax limit, it is to be noted that this objection is to the levy of taxes to pay these bonds and their interest. Section 12 of article IX of the constitution of 1870 provides that any city incurring any indebtedness shall before or at the time of doing so provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due and also to pay and discharge the principal thereof within 20 years from the time of contracting the same. This section of the constitution has been held to require the collection of the tax as well as its levy. (*People ex rel. McDonough* v. *New York Central Railroad Co.* 355 Ill. 80.) Since the ordinance under which these bonds were issued provided for the levy of such a tax and it has been held that the constitutional provision above referred to is mandatory and self-executing, (*People ex rel. Nash* v. *Westminster Building Corp.* 361 Ill. 153,) we do not believe that the objection made to the 1947 tax levy for the payment of these bonds and their interest can be sustained. By this opinion, however, we do not mean to approve the diverting of funds appropriated for the payment of the judgments in 1945, but we believe that the relief from such conduct should be obtained by other appropriate legal action and should not be attempted in a manner which would jeopardize or imperil the payment of the bonds and their interest, such as the sustaining of this objection in the case at bar.

We shall next consider the objection made to the 1947 taxes levied for the judgment tax fund. An examination of the 1947 appropriation ordinance discloses that the total assets of the judgment tax fund available for appropriation on January 1, 1947, amounted to $251,177.55, which amount was equal to the total existing liabilities of the fund shown on that date. The city appropriated said $251,177.55 of the available assets of the judgment tax fund to pay the then existing liabilities of the fund and

in addition thereto levied a judgment tax fund tax of $1,250,000. The county clerk extended $1,250,000 against the taxpayers' property for this purpose. The objection made is that the city did not possess the power to levy judgment tax fund taxes in an amount in excess of the total of judgments unpaid at the time of the 1947 tax levy. He asserts that since there were sufficient assets available in the judgment tax fund on that date to pay all of the city's judgment liabilities, the entire 1947 judgment tax fund levy is unnecessary, illegal, and void.

The city does not possess the power as a matter of course to levy judgment tax funds. It must rely on the specific statutory authority, which is section 22-14 of the Cities and Villages Act. (Ill. Rev. Stat. 1945, chap. 24, par. 22-14.) This section of the statute authorizes the city to levy a "tax to pay judgments" and is in part as follows, "This tax, if levied, shall be for the purpose of paying judgments entered against the municipality prior to January 1, 1941, and tort judgments and judgments for damage to or for the taking of private property for public use entered after January 1, 1941." The power to levy a separate tax to pay the city's judgment liabilities is in addition to the requirements of section 22-1 of the Cities and Villages Act (Ill. Rev. Stat. 1945, chap. 24, par. 22-1,) that the city appropriate corporate fund assets to pay judgments existing at the time its budget is adopted. Section 22-1, however, expressly excludes judgments levied for in the judgment tax fund from this corporate fund requirement in the following language, "However, for the purpose of these estimates, judgments, for the payment of which a special tax has been authorized by law, shall not be deemed liabilities of the general corporate fund of the municipality."

It is desirable to review the history of the statute authorizing the levy of taxes for the judgment tax fund. The first judgment tax fund statute was enacted in 1930.

(Laws of 1930, First Special Session, p. 19.) Prior to that time the city was limited to the appropriable assets of the corporate fund to pay its judgment debt. (*People ex rel. Stuckart* v. *Chicago, Lake Shore and Eastern Railway Co.* 270 Ill. 477.) This statute provided an additional source of revenue to pay the city's then-existing judgment debts. Since 1930 the judgment tax fund statute has been amended from time to time, but we believe the underlying purpose thereof always has remained the same, namely, that of a debt-liquidation statute. Subsequently, in 1935, the legislature passed a law authorizing the city to issue and sell bonds to fund its judgment debts. We believe that the city's power to levy judgment tax fund taxes is conditioned upon lack of funds to pay the same and where sufficient funds are lawfully available to pay the existing judgment indebtdness no power exists to levy a tax for this purpose. We have many times held that taxes may be levied only to defray the necessary expenses of government and not to enrich the public treasury. *People ex rel. Batman* v. *Illinois Central Railroad Co.* 366 Ill. 408; *People ex rel. Toman* v. *110 South Dearborn Street Building Corp.* 372 Ill. 459.

The city contends that it is desirable to operate public bodies upon a cash basis and, therefore, it is entitled to estimate judgments which may be rendered against the city during a particular year and include such amount in the judgment tax fund levy. It contends that in a case where a large judgment is rendered during a current year for which no means of payment is available until a later date, such a situation would be as destructive of orderly governmental functioning as a judgment entered a year earlier, since the payment of either could be forced by *mandamus* out of any available funds of the municipality.

In view of the practices of the city of Chicago in handling its financial matters which we have observed in passing upon the other two objections above, we believe

that a better and more conservative rule to be adopted is that judgment tax fund taxes may be levied only to pay judgments which are in existence at the time of the levy. While it is true that such a rule may at certain times prove a temporary hardship upon the city of Chicago, we believe that such a rule also would do away with instances where funds are levied and then diverted to other purposes and thereby lost to the taxpayer. We, therefore, hold that the county court of Cook County erred in overruling the objection to the 1947 judgment tax fund levy.

For the reasons stated in this opinion, the ruling of the county court of Cook County as to the objections made to taxes for disposal of ashes and refuse will be affirmed, the ruling made for payment of judgment funding bonds of 1945 will be affirmed, and the ruling made as to the judgment tax fund levy will be reversed and the cause remanded with directions to sustain the objection thereto.

*Affirmed in part and reversed in part,*
*and remanded, with directions.*